# Brown *versus* Finney.

1. The question in the case was whether an alleged contract had been consummated. It was proposed to ask the defendant "whether he and plaintiff at any time made and concluded a contract, complete in all its terms, in reference to the delivery of the coal in question." *Held*, that the offer was properly rejected.

2. Whether the contract had been made was a question for the jury under the instruction of the court, upon all the evidence of what was said and done at the time of the transaction.

3. It was not competent for the defendant to state whether the facts testified did or did not constitute a contract.

4. A witness for plaintiff testified what he said was all that had occurred at the making of the alleged contract. The defendant testified that he had required security before he would close the contract. *Held*, that it was proper to examine the witness in rebuttal to contradict the defendant as to the security.

5. If what was testified by the defendant did not take place, that it did not, could not have been given in chief.

6. It is not assignable for error that evidence admissible in chief and cumulative was received in rebuttal.

November 22d 1870. Before THOMPSON, C.. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of Allegheny county: Of October and November Term 1870, No. 168.

This was an action of assumpsit to December Term 1864, by Robert Finney against William H. Brown.

The plaintiff declared that the defendant had bargained and sold to him 100,000 bushels of coal, to be delivered to him at Cincinnati forthwith, at 16 cents per bushel, &c., and that he did not deliver, &c.

The case had been once tried, and the judgment was reversed by the Supreme Court (3 P. F. Smith 378).

It was again tried April 20th 1870, before Collier, J.

[Brown *v.* Finney.]

The plaintiff testified that he had, on the 22d of November 1864, contracted with the defendant to deliver to him 100,000 bushels of coal at Cincinnati, at 16 cents per bushel, and to pay him $10 per day for the detention of the defendant's barges. That he offered the defendant his check for $16,000 for the coal; the defendant said it made no difference, he would take the money when he delivered the coal, &c. He testified in detail as to the circumstances attending the contract; of the failure of the defendant to deliver the coal, the loss he sustained, &c.

H. B. Wilkins testified for the plaintiff very fully as to the circumstances of the bargain, much the same as stated by the plaintiff.

The defendant was examined, and gave his version of the transaction, not materially different from that testified to on the part of the plaintiff. Also that he had sent some coal-barges to a point below Cincinnati, and they had not been returned. He further testified, that whilst they were writing the check, he said, there was more than that yet; plaintiff asked him what he said; defendant replied, for the delivery of the barges back he wanted security; plaintiff said he would give defendant that, and asked him if he would take John Shoneberger or William Bagley; the defendant assented: and the plaintiff agreed to meet him at his office next day; the plaintiff never brought Shoneberger or Bagley, nor any paper signed by them as security.

It was then proposed by his counsel to ask defendant whether he and the plaintiff at any time made and concluded a contract, complete in all its parts, in reference to the delivery of the coal in question.

This was objected to by the plaintiff, because it would be but the expression of the defendant's opinion upon the law and facts of the case.

The court refused the offer, and sealed a bill of exceptions.

In rebuttal, the plaintiff called H. B. Wilkins, and proposed to prove by him:—

" That on the occasion of the meeting of the parties at George's, when the contract was entered into, nothing was said about security for the return of the barges; that the names of John H. Shoneberger and William Bagley were not mentioned; that nothing was said about barges going below Cincinnati as a reason for any security."

The defendant objected to the offer, because it was not in rebuttal; and because the alleged contract being the result of a conversation between the parties, and the witness having been in chief examined as to what that conversation was, and having stated that he had testified to all that he recollected of it, should not now be called to testify either as to what did or did not take place.

The evidence was admitted, and a bill of exceptions sealed.

The verdict was for the plaintiff for $2647.50.

The defendant took a writ of error, and assigned the rulings on the offers of evidence for error.

*R. Woods* (with whom was *H. Burgwin*), for plaintiff in error, cited, as to the admission of Wilkins' testimony, Jessup *v.* Loucks, 5 P. F. Smith 363.

*M. W. Acheson*, for defendant in error.—The order of proof is a matter within the discretion of the court: Quinn *v.* Crowell, 4 Whart. 334; Koenig *v.* Bauer, 7 P. F. Smith 168; Wilson *v.* Jamieson, 7 Barr 126. If evidence is admissible at any stage of a trial, the fact that it was received in rebuttal is not assignable for error: Finlay *v.* Stewart, 6 P. F. Smith 183.

The opinion of the court was delivered, January 5th 1871, by

WILLIAMS, J.—All the assignments of error in this case relate to the rejection or admission of evidence. The controversy between the parties in the court below was whether the defendant had agreed to sell and deliver to the plaintiff at Cincinnati 100,000 bushels of coal, at 16 cents per bushel, payable on delivery. Both parties were examined as witnesses in relation to the alleged contract; and, after the defendant had given a full and detailed statement of all the facts and circumstances touching the transaction, he was asked by his counsel whether he and the plaintiff at any time made and concluded a contract, complete in all its parts, in reference to the delivery of the coal in question. The plaintiff's counsel objected to the question because it sought to elicit from the defendant an expression of his opinion upon the law and facts of the case. The court sustained the objection, and this constitutes the first assignment of error.

We are of the opinion that the objection was well taken, and that the question was properly overruled. Whether or not the plaintiff and defendant had made a contract, complete in all its parts, in reference to the sale and delivery of the coal, was a question for the determination of the jury, under the instruction of the court, upon all the evidence as to what was said and done by them at the time of the alleged transaction. The defendant had the unquestioned right, and he was permitted without objection, to state all that took place between himself and the plaintiff in relation to the sale of the coal; but it was not competent for him to state whether the facts to which he had testified did, or did not, constitute a contract complete in all its parts; and this in effect was what he was asked to do. It is doubtless true that whether the defendant did, or did not, make a contract with the plaintiff complete in all its parts, was a question of fact; but

[Brown v. Finney.]

the fact, whether he did, or did not, make such a contract, depended upon what was said and done by the parties at the time of the transaction. It is obvious, then, that the statement of anything beyond what actually took place between them, if the defendant had been permitted to make it, must have been mere matter of inference or opinion.

Nor was there any error in the admission of the testimony of Wilkins in rebuttal of that given by the defendant, as complained of in the second assignment. It was not cumulative, but contradictory of the defendant's testimony as to material matters touching the alleged contract. The fact that the witness had been examined in chief, and had stated all he recollected of the transaction, constituted no valid objection to the admission of his rebutting testimony, because if the facts testified to by the defendant did not take place, it could not have been given in chief. The defendant had stated that one of the provisions of the proposed contract was that security should be given for the return of the barges in which the coal was to be shipped; and it was certainly competent for the plaintiff to show that nothing was said on the subject by either party at the time of the transaction. Even if the evidence was cumulative and admissible in chief, as contended, the fact that it was received in rebuttal is not assignable for error: Finlay v. Stewart, 6 P. F. Smith 183.

Judgment affirmed.

AGNEW, J., dissented.