## Rauch *versus* Scholl and Miller.

1. Rauch, owning quarries, agreed with Scholl to take out stone for him; Rauch alleged he was to pay $1.75 per yard and Scholl alleged $2. Evidence of the value of stone unquarried was relevant.

2. To justify a reversal on the ground that evidence admitted was irrelevant, it should appear clearly that it tended to draw away the minds of the jurors from the point in issue, to excite prejudice or to mislead them.

March 20th 1871. Before Thompson, C. J., Read, Agnew and Sharswood, JJ. Williams, J., at Nisi Prius.

Error to the Court of Common Pleas of *Lehigh county:* No. 179, to July Term 1870.

Charles W. Rauch, on the 5th of June 1868, brought an action of assumpsit against Henry Miller and William Scholl, and declared in the common counts. The pleas were non assumpsit and set-off.

The plaintiff owned building-stone quarries, and entered into a contract with John Biglin to furnish stone for the erection of a bridge; the price the plaintiff received for the stone from Biglin was $2.15 per yard. He contracted with the defendants to quarry and deliver the stone from his quarries. He had paid the defendants considerable sums of money from time to time during the progress of the work. He alleged that he had overpaid them, and this suit was brought to recover the overpayment.

The plaintiff testified that he was to pay the defendants $1.75 per yard. He examined a number of witnesses in support of his case. Miller, one of the defendants, testified that Rauch offered them $1.75 per yard; that they refused to do the work for less than $2; that Rauch told them to go on and he would make it all right; he also testified that they quarried and delivered coping stone at a higher rate.

The defendants proposed to ask one of their witnesses: "What was the value of stone in the ground in this quarry in 1866?" The question was objected to by the plaintiff, admitted by the court, and a bill of exceptions sealed.

The defendants gave much evidence to sustain their case.

The jury found for the defendants $376.91. The plaintiff took out a writ of error, and assigned the admission of the offer objected to for error.

*R. E. Wright, Jr.,* and *Wright,* for plaintiff in error.

*E. J. Moore* and *J. D. Stiles,* for defendants in error.

The opinion of the court was delivered, May 8th 1871, by

Sharswood, J.—The plaintiff in error, who was the plaintiff below, furnished to John Biglin, the contractor for building a

[Rauch v. Miller.]

bridge, stone from a quarry owned by him at $2.15 per cubic yard.　He made a contract with the defendants to quarry and haul these stones to the bridge, and alleged that he had overpaid them.　He testified that they had undertaken to do this work at $1.75 per cubic yard.　They alleged, on the other hand, that the contract price was $2 per cubic yard.　The defendants were examined, and their testimony certainly sustained their allegation, if it was believed.　The only assignment of error is, that the court admitted evidence to show what the value of the stone was in the ground unquarried.　This evidence was objected to as irrelevant.　If it had any bearing upon the matter in controversy it was admissible.　Now, surely if the stone in the quarry was only worth fifteen cents, and its value at the bridge was two dollars more, it went very far to show that the services of the defendants were worth that much to the plaintiff.　He argues that he was entitled to the benefit of the contract he had made, and that it would not be just to deprive him of that advantage and transfer it to the defendants, and that this would be the consequence of admitting this evidence.　But surely it is not an unfair presumption that he was to receive no more than the market value of the stone under his contract at the bridge, and if in point of fact it was more, it was incumbent on him to rebut this evidence by showing it.　When in a court of errors a judgment is asked to be reversed on the ground merely of the admission of irrelevant testimony, it ought to appear clearly that such evidence tended to draw away the minds of the jurors from the point in issue, to excite prejudice or to mislead them: 1 Greenl. on Ev. § 52.　We do not see that any such effect could have been produced in this case.

Judgment affirmed.