## Breneman *versus* Furniss.

1. In an action by the holder against the endorser of a check, the defendant alleged that he permitted the use of his name as payee, and endorsed the check at the request of and as a matter of accommodation to the plaintiff, not only without consideration, but upon the express promise and agreement that he should incur no liability by reason of his endorsement. *Held,* that it was competent, as between the immediate parties to the transaction, to prove these allegations.

2. The defendant offered to prove the facts above stated, together with circumstances connected therewith, as explanatory of the transaction. The court permitted him to prove the naked fact that the "check was given with the understanding that he should incur no liability thereon," but studiously excluded all testimony tending to show the circumstances under which he permitted the use of his name as payee, and became endorser of the check, or the purpose for which it was done. *Held,* that this was error.

May 7th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Error to the Court of Common Pleas of *Lancaster county:* Of May Term 1879, No. 28.

Assumpsit by Thomas Furniss against Henry N. Breneman, on the following check:

[Breneman v. Furniss.]

"Lancaster, Pa., June 21st 1875.

Farmers' National Bank of Lancaster, pay to H. N. Breneman, or order, one thousand dollars.

$1000.                                        ' H. S. KENDIG.

Endorsed: H. N. BRENEMAN."

Payments at different times were also endorsed, amounting in the aggregate to $332.33.

Defendant pleaded non assumpsit, payment with leave.

At the trial before Patterson, J., the defendant made the following offer of testimony:

To prove that at the time this check was made, the plaintiff was county treasurer, and was working to procure the election of Stephen Grissinger as his successor, under an agreement that plaintiff should be his deputy; that he desired to get the vote of Providence township, through the influence of H. S. Kendig, the maker of the check; that to this end plaintiff proposed to give Kendig the opportunity of making $50, by furnishing him the means of anticipating the payment of the taxes of Providence township, and thus getting the five per cent. reduction from the commissioners of the county; that with this view he proposed to defendant to make the arrangement with Kendig under which this check was given; [that this check was given for that purpose with the understanding that the defendant should incur no liability thereon under any circumstances].

Plaintiff objected. Objection sustained so far as to exclude all the above offer except that portion in brackets. (Fourth assignment of error.)

The court refused to allow defendant to ask a witness "What was the check given for?" And also refused to allow defendant to prove what the check was given for, and what was said by the parties at the time the check was given, and afterwards as to defendant's liability. (Fifth assignment.)

The defendant also offered to prove that witness told Furniss that he could get Kendig to work for Grissinger, as he had done in other cases, with other tax collectors, by allowing him to make five per cent. on outstanding taxes. Furniss agreed, and thought that Kendig's securities were good. That the parties met at county house and got up the check on Furniss's suggestion to have it prepared in this way. That Furniss told witness that it would not do to have it drawn up in his own name, but it must be in some one else's name. [Breneman was asked and agreed to do it, with the understanding that he should not be liable on it, and that the check was not to go to bank.] The check was then prepared and passed over to Furniss.

Plaintiff objected. Offer disallowed, except so much of it as states that Breneman agreed to do it (to endorse the check if that

[Breneman *v.* Furniss.]

is what is meant by the words ' to do it'), with the understanding that he should not be liable on it, and the check was not to go to bank. (Sixth assignment.)

The court refused to allow defendant to ask witness " Why was Mr. Breneman's name to be put into the check?" (Seventh assignment.)

Also, to ask "Did or did not Mr. Furniss propose that Mr. Breneman's name was to be put into this check, and if so, why?" Objected to. By the court: "We will allow you to produce anything in defence that is not in itself wrong and against public policy." (Eighth assignment.)

The verdict was for plaintiff, when defendant took this writ, among his assignments of error, being those above noted.

*B. Frank Eshleman* and *D. G. Eshleman,* for plaintiff in error.— The plaintiff did not obtain the check in the course of business. He was not a bona fide holder for value. He was one of the parties to the transaction out of which it arose. If, therefore, there was a want of consideration for the endorsement by the defendant, or any other defect in the agreement between the parties, the defendant, as against the plaintiff, had a right to set up such failure or defect as a defence.

Therefore, when the plaintiff had testified that defendant had asked him not to present the check at the bank, and promised him that if Kendig, the maker, did not pay it he would, it was proper for the defendant to ask him what consideration he, the defendant, received for his promise. If defendant made such a promise to the plaintiff, he must have had some reason for it, and was entitled to have the plaintiff's account of the whole transaction. That question was not only cross-examination, but the very essence of cross-examination.

*r. W. Johnson* and *George M. Kline,* for defendant in error.— The court allowed defendant to prove, although he was a party to this negotiable instrument, that he was not to be liable on it. He had the full benefit of this before the jury. The court told the jury, if they found from all the evidence in the case, "that Furniss agreed with the defendant (Breneman) that he should not be liable for the check by reason of his endorsement, then their verdict should be for the defendant." The jury took the evidence and from it found : That the check was not to be presented to the bank ; that no such agreement as Breneman alleged as to non-liability existed. This, we think, was giving the defendant the advantage of a defence not permissible in view of the cases of Hill *v.* Gaw, 4 Barr 493 ; Mason *v.* Graff, 11 Casey 448 ; Heister *v.* Hart, 23 Smith 289.

Mr. Justice STERRETT delivered the opinion of the court, June 23d 1879.

The defendant in the court below contended that he permitted the use of his name as payee and endorsed the check in suit, at the request of and as a matter of accommodation to the plaintiff, not only without consideration, but upon the express promise and agreement that he should incur no liability by reason of his endorsement. It was competent, as between the immediate parties to the transaction, to prove these allegations. An attempt on the part of the plaintiff to enforce payment of the check under these circumstances was making such an improper use of it as would justify proof of the agreement under which it is alleged the endorsement was procured: Hill v. Ely, 5 S. & R. 363; Ross v. Espy, 16 P. F. Smith 481.

The defendant offered to prove the facts above stated, together with the circumstances connected therewith, as explanatory of the transaction. The court permitted him to prove the naked fact that the "check was given with the understanding that he should incur no liability thereon," but studiously excluded all testimony tending to show the circumstances under which he permitted the use of his name as payee and became endorser of the check, or the purpose for which it was done. In this we think there was error. The result was that there was little or no testimony before the jury to explain why the plaintiff should request him to endorse the check, and at the same time agree that under no circumstances should he incur any liability by virtue of his endorsement. Within the narrow limits thus prescribed by the ruling complained of some testimony, as to the isolated fact of the agreement, was introduced, upon the strength of which the court was requested to charge the jury that if they believed, "the plaintiff had agreed with the defendant that he should incur no liability by reason of his endorsement of the check in suit, their verdict must be for the defendant." This point was affirmed, and thus the question of fact, vital to the defence, was presented and submitted to the jury; but it was found adversely to the defendant. If proof of the circumstances directly connected with and leading to the alleged agreement, and explanatory thereof, had been admitted, it would have tended, in some degree at least, to corroborate the defendant, and might have satisfied the jury that his version of the affair was the true one. The case was one in which a knowledge of the *res gestœ* might very materially aid the jury in reaching a correct conclusion. What was confidently asserted on the witness-stand by the one party, in regard to the agreement on the faith of which the check was endorsed, was just as positively denied by the other; and in searching for the truth, the jury needed all the light that could be shed on the transaction by the circumstances immediately connected therewith. For this purpose alone we think the testimony referred

[Breneman *v.* Furniss.]

to in the fourth to eighth assignments of error, both inclusive, should have been received.

There is nothing in either of the remaining assignments that calls for special notice.

Judgment reversed, and a *venire facias de novo* awarded.