## W. H. Roland *v.* Cyrus Eckman, Appellant.

*Admission of irrelevant evidence—When reversible error.*

The appellate courts will not reverse for the admission of irrelevant testimony unless it clearly appears that such evidence tended to draw the minds of the jurors from the point in issue, to excite prejudice or to mislead them.

*Rebuttal evidence—Discretion of trial judge—Reversible error.*

The admission of evidence not strictly in rebuttal is largely in the discretion of the court and is not reversible error except in extreme cases when discretion has been abused and the party objecting has been injured.

*Statute of frauds—Original undertaking.*

Where a person enters into an undertaking to subserve his own purpose it is an original undertaking and does not fall within the statute of frauds, although it may have the incidental effect of discharging the liability of a third person.

Argued Nov. 14, 1899. Appeal, No. 100, Oct. T., 1899, by defendant, from judgment of C. P. Lancaster Co., March T., 1897, No. 50, and May T., 1897, No. 32, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by RICE, P. J.

Appeal from judgment of alderman in favor of defendant. Before LIVINGSTON, P. J.

It appears from the record that two proceedings were consolidated on motion and that plaintiff proceeded in an action of

assumpsit and defendant pleaded nonassumpsit. It appears from the evidence that plaintiff had rented to one Tomlinson a farm and had also sold to lessee certain stock and machinery on the place for which he took a judgment note. Tomlinson having violated the terms of his agreement plaintiff issued an execution against him for $347.42, and levied upon his personal property; whereupon Cyrus Eckman, defendant in this case, and a nonsecured judgment creditor of Tomlinson, entered into an agreement whereby he undertook to sell the property levied on by plaintiff and apply the proceeds of the sale first to the liquidation of plaintiff's judgment.

There was also evidence tending to show that in consequence of this agreement and for the protection of plaintiff and defendant, plaintiff employed defendant to manage the farm for the balance of the year, Tomlinson surrendering the lease and delivering possession of the farm to Roland; that in the course of this engagement Eckman got possession of Roland's property, consisting of chains, harness, forks, corn, hay, potatoes, etc., which he agreed either to return or to account for and that he failed to do so. Defendant denied that he ever agreed to return the property to Roland and insisted that if any obligation existed in the matter it was Tomlinson's. The court left the matter to the jury as one of veracity between conflicting witnesses.

Verdict and judgment for plaintiff for $255. Defendant appealed.

*Errors assigned* were to the admission of certain evidence on the ground that the said evidence was irrelevant; also to the admission of certain questions and answers as not proper evidence in rebuttal.

*J. W. Johnson*, for appellant.

*W. U. Hensel*, with him *W. H. Roland*, for appellee.

OPINION BY RICE, P. J., December 11, 1899:

Under the agreement averred in the statement of claim and testified to on the trial, for the breach of which the action was brought, it was incumbent on the plaintiff to prove that at one

time he had title to certain personal property which one Tomlinson had taken away from the leased premises. It was such property only that the defendant agreed to restore. This being so, the plaintiff could not be confined in his proof to the bare assertion that the articles belonged or had belonged to him. Perhaps he went more into detail than was necessary, but we cannot say that it was wholly irrelevant to show how and under what circumstances they came into the possession of Tomlinson, and upon what the plaintiff's claim to have them returned was based. For according to the latter's testimony, all these facts were communicated to the defendant in the negotiations which resulted in the alleged agreement. The evidence, therefore, had some bearing on one of the questions in issue, and, moreover, was explanatory of a somewhat complicated transaction. As was said in Breneman v. Furniss, 90 Pa. 186, the case was one in which a knowledge of the res gestæ might very materially aid the jury in reaching a correct conclusion. When in a court of errors a judgment is asked to be reversed on the ground merely of the admission of irrelevant testimony, it ought to appear clearly that such evidence tended to draw the minds of the jurors from the point in issue, to excite prejudice or to mislead them: 1 Greenl. on Ev. sec. 52; Rauch v. Miller, 68 Pa. 234. We do not think the evidence embraced in the first seven and the tenth assignments of error could have had that effect. These assignments are overruled.

The objection to the admission in evidence of the indorsement on the lease was not well taken. The plaintiff had testified that the interpolation referred to in the objection was made before the paper was signed. Mr. Place, one of the subscribing witnesses, whilst not remembering as to the interlineation, did not testify that it was not made when the paper was executed. His testimony that the paper as interlined expressed the agreement of the parties was corroborative of the plaintiff's testimony and was admissible for that purpose. The eighth and ninth assignments are overruled.

The admission of evidence not strictly in rebuttal is largely in the discretion of the court and is not reversible error except in extreme cases when discretion has been abused and the party objecting has been injured. This is all that need be said regarding the eleventh and twelfth assignments. Both are overruled.

The objection that this was an attempt to charge the defendant upon a promise to answer for the debt or default of another, which not being in writing was void, appears not to have been made in the court below either in stating the objections to the admission of evidence or by a request for instructions. The charge was not excepted to, therefore the defendant is not in a position to ask us to review it. We remark, however, that we do not think the case is within the statute of frauds. The defendant's undertaking, so far as it is directly involved in this case, was not to indemnify the plaintiff for the tort of Tomlinson, nor to guarantee the performance of an undertaking or the discharge of a legal obligation of the latter, but to deliver certain chattels. It was an original undertaking, entered into to subserve his own purpose, and whether or not performance would have had the incidental effect of discharging Tomlinson from liability to the plaintiff is immaterial. That was not the leading purpose, and, therefore, the promise was not within the statute. See Weber v. Bishop, ante, p. 51, and cases there cited. We find no error in the record which would justify reversal.

Judgment affirmed.