## Woy *v.* McCann, Appellant.

*Mechanic's  lien—Waiver—Subcontractor—Conflicting  testimony— Case for jury.*

1. On the trial of a scire facias sur mechanic's lien filed by a subcontractor, where the only defense is that the material was sold and delivered on the personal credit of the contractor, and that the owner paid the contractor in full at the special request and direction of the plaintiffs, and the evidence on both of the defenses is conflicting, the case is for the jury, and a verdict and judgment for plaintiffs will be sustained.

2. In such a case the trial judge commits no error or abuse of discretion in permitting one of the plaintiffs to contradict in rebuttal the owner's contention that plaintiffs had waived their right to a lien.

*Evidence—Deeds—Fixing date—Limiting purpose of offer.*

3. A trial judge commits no error in admitting certain deeds in evidence for the limited purpose of fixing a date referred to by a witness, where it appears that prior to such admission the same deeds had been

referred to by the witness, the properties conveyed thereby had been described, and the consideration stated, all without objection or exception.

Argued May 1, 1911.  Appeal, No. 58, April T., 1911, by defendant from judgment of C. P. Cambria Co., Dec. Term, 1908, No. 534, on verdict for plaintiffs in case of John Woy et al., trading as Johnstown Planing Mill Company v. George B. McCann, owner.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Scire facias sur mechanic's lien.  Before O'CONNOR, P. J.
The opinion of the Superior Court states the case.
Verdict and judgment for plaintiffs for $1,067.32.  Defendant appealed.

*Errors assigned* were (1–3) rulings on evidence referred to in the opinion of the Superior Court and (4) in refusing a new trial.

*Harry Doerr,* with him *W. A. McGuire,* for appellant.

*Wm. Williams,* with him *S. Lemon Reed,* for appellees.

OPINION BY MORRISON, J., July 13, 1911:

This is a sci. fa. sur mechanic's lien against George B. McCann, owner or reputed owner, and H. B. Blair, contractor.  There was a verdict and judgment in the court below against both defendants and this is the separate appeal of McCann, the owner.

At the trial it was conceded that the lien was in due form and that it was filed according to law and the contractor, Blair, practically conceded his liability.  The plaintiffs claimed $928.02, and interest thereon, for lumber furnished to the contractor for the construction of a dwelling house for McCann, appellant.  The latter's defense was, first, that the lumber was sold and delivered on the personal credit of Blair, contractor, and second, that the appellant

paid the contractor in full for the lumber at the special request and direction of the plaintiffs. These questions of alleged fact were strongly averred at the trial by the appellant and disputed by the appellees.

The learned court below in a clear and fair charge submitted these disputed questions to a jury with instructions that if either or both of them were found in favor of the appellant, the verdict should be in his favor. The general verdict in favor of the plaintiffs for the full amount of their claim indicates that the jury found that the lumber was sold on the credit of the building and that the plaintiffs had not waived their right to a lien. And also, that they had not authorized the appellant to pay the contractor for the lumber and thereby estopped themselves from collecting from the appellant the value of the same.

The first assignment of error complains of the court for permitting one of the plaintiffs to testify in rebuttal contradicting the appellant's contention that plaintiffs had waived their right to a lien. We are of opinion that this testimony was competent and its admission in rebuttal rested in the discretion of the court below and we discover no abuse of that discretion: Gaines v. Com., 50 Pa. 319; Roland v. Eckman, 12 Pa. Superior Ct. 75; Acklin v. McCalmont Oil Co., 201 Pa. 257; Brown v. Finney, 67 Pa. 214.

The second and third assignments of error relate to the admission in evidence of two deeds, dated November 8, 1906, from H. B. Blair et ux. to George B. McCann. We are at a loss to see how the admission of these deeds for the special purpose of fixing a date which seemed material could injure the appellant. An examination of the record shows that these deeds had been referred to by the witness, H. B. Blair, and the properties conveyed thereby had been described and the consideration given by the witness and all of this without objection or exception. Therefore, it would seem like trying to make a mountain out of a molehill for the appellant to ask us to reverse the court below for admitting these deeds in evidence for the limited purpose of fixing a date referred to by the witness. In our

opinion, these two assignments do not raise reversible error, although it would probably have been within the discretion of the court to have rejected said deeds.

The fourth and last assignment is that the court erred in refusing a new trial. There is no merit in this assignment. We think the case was well tried and we discover no abuse of discretion in the court refusing a second trial. All the appellant has to complain of is that he is made liable to pay for the lumber that was used in the construction of his house. This result is just what the mechanic's lien law was intended to accomplish. If the jury had believed the testimony furnished by the appellant he would have escaped this liability. It was his misfortune that he did not convince the jury of the merits of his defense.

The assignments of error are all overruled and the judgment is affirmed.