# Shade *v.* Llewellyn, Appellant.

*Contracts—Sales—Shares of stock—Two sellers—Note in payment to one seller.*

1. Plaintiff and defendant, holders of shares of stock in a certain corporation, agreed to transfer their entire interest. For this purpose, plaintiff's certificate of stock was assigned in blank and delivered to the defendant, and defendant received a judgment note in his own name for the full price of all the shares as security for the payment of his own and plaintiff's stock. Judgment was subsequently entered on the note, which bore interest payable quarterly, and interest for the first quarter was paid and an amount equivalent to the interest on the value of plaintiff's shares at six per cent. was sent by defendant to plaintiff by check on which was written "three months' interest from" defendant. No further payment of interest or principal was made on the note and the corporation was subsequently adjudged a bankrupt. Plaintiff then brought this action to recover from the defendant the amount due for the stock, alleging he had no interest in the note, did not sanction its acceptance and that defendant was personally liable. Defendant contended that he was acting as the agent for the plaintiff with a view of assisting him to dispose of his stock as a matter of friendship, and that plaintiff had full knowledge of the transaction and ratified it in every respect. *Held,* the question as to defendant's liability was one of fact for the jury, and a verdict and judgment for the plaintiff was sustained.

2. In such case, plaintiff was properly permitted to testify that defendant induced him to become a stockholder in the company, such testimony being offered for the purpose of rebutting the inference which the jury might draw from questions asked plaintiff on cross-examination, to the effect that defendant was taking care of plaintiff out of friendship, rather than because of an agreement to dispose of the plaintiff's stock.

3. In such case the court did not err in permitting plaintiff to testify in rebuttal as to whether the words "three months' interest from William H. Llewellyn" were on the check given by defendant to plaintiff in payment of interest at the time the check was received or at least whether plaintiff saw them.

4. In such case the statement of the trial judge in his charge to the effect that on several occasions plaintiff asked defendant for his money and the latter replied that "it would not suit him or he could not pay it then" was not erroneous as a material departure

from the language of the witness, where the plaintiff testified that he made several demands on the defendant for payment and at one time the latter stated "he didn't know how he could do it" and at another time "the only thing he could do was to transfer the note over and let me try to collect it" and further testified that defendant agreed to assign the note to the plaintiff when the latter "pressed him for the money," and the last time he made a request of the defendant for money, defendant said "the only thing he could do for me would be to transfer that note over to me."

5. In such case if defendant in fact acted on his own responsibility in taking a note for the stock and assumed liability to the plaintiff for its value, the mere fact that plaintiff subsequently inquired whether the note had been paid and had not at any time made demand for payment for his stock, would not change the relation which existed when the transaction was completed, and the court properly charged that the question was one of fact to be determined by the jury. The question of agency must be determined as of the date of the note and the subsequent acts of the plaintiff were not necessarily conclusive of that question.

*Practice, C. P.—Trials—Order of proof—Charge of court—Opportunity for objection.*

6. The order of admitting testimony is within the discretion of the trial judge, and where evidence is relevant the fact that it is offered in rebuttal instead of being presented in plaintiff's case in chief, is not ground for reversal.

7. Where a misstatement is made by the trial judge in quoting testimony, it is the duty of counsel to call the attention of the court to·such error at the time, and where counsel fails to do so, a reversal on account of such mistake will not be allowed, especially where the error is not material. A party may not sit silent and take his chances of a verdict and then if it be adverse complain of a matter which, if an error, would have been immediately corrected and made harmless.

8. The granting of a new trial is within the discretion of the court below and its action in this respect will not be reviewed in the absence of clear error.

Argued May 10, 1915. Appeal, No. 329, Jan. T., 1914, by defendant, from judgment of C. P. Northumberland Co., Sept. T., 1912, No. 374, on verdict for plaintiff in case of D. E. Shade v. Frank P. Llewellyn. Before BROWN, C. J., MESTREZAT; ELKIN, MOSCHZISKER and FRAZER, JJ. Affirmed.

Assumpsit for price of mining stock alleged to have been sold by plaintiff to defendant. Before CUMMINGS, P. J.

The defendant's sixth point and answer of the court thereto were as follows:

"Sixth: If the jury believe the evidence on the part of the defendant that the plaintiff, up to the time of bringing this suit never made demand on the defendant for payment of said stock, but upon the contrary inquired whether W. H. Llewellyn had paid anything on the principal, the plaintiff thereby made the act of F. P. Llewellyn, in taking the judgment note, his own, and cannot now be heard at this late day to disavow the act of his agent and the verdict of the jury should be for the defendant. Answer. I will affirm that point with this qualification: If you find from the evidence that F. P. Llewellyn was acting as agent for D. E. Shade in this transaction, but whether or not he was is a matter for you. Exception noted for defendant before verdict." (6)

Further facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $1,250 and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence, the court's answer to defendant's sixth point, and in refusing defendant's motion for a new trial.

*J. W. Gillespie* and *J. Mal. Gillespie,* for appellant.

*George B. Reimensnyder* and *W. H. Unger,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 3, 1915:
Plaintiff and defendant were stockholders in the Llewellyn Mining Company. Defendant decided to sell his stock and notified plaintiff and several others of his

intention. Those so advised also decided to sell if defendant sold, and the latter took the matter up at a meeting of the board of directors of the company and received an offer from two of the directors to take all stock offered for sale, except that belonging to plaintiff. Defendant refused to sell the holdings of himself and other stockholders unless the purchasers took plaintiff's stock also. Another meeting of the directors was then held and arrangements made to transfer the entire block of stock, including plaintiff's, consisting of one hundred shares in all, and defendant received a judgment note in his own name, made by W. H. Llewellyn for the full price of all the shares, amounting to $5,000, as security for the payment thereof. Plaintiff's certificate of stock was assigned in blank and delivered to defendant. Defendant subsequently entered judgment on this note which bore interest at six per cent. payable quarterly. The first three months' interest was paid to defendant, who subsequently remitted to plaintiff, an amount equivalent to the interest on the value of his shares at six per cent. This payment was made by check on which was written "Three months' interest from W. H. Llewellyn." No further payment of interest or principal was made on the note and the mining company was subsequently adjudicated a bankrupt. Plaintiff then brought this action to recover from defendant the amount due for his stock, alleging he had no interest in the note, did not sanction its acceptance, and that defendant was personally responsible to him for the value of his shares. On the other hand, defendant contends he was acting merely as agent for plaintiff with a view of assisting him to dispose of his stock as a matter of favor, and that plaintiff had full knowledge of the transaction and ratified it in every respect. The trial judge submitted to the jury the question, whether defendant acted as agent for plaintiff and whether plaintiff knew the note was accepted in payment for this stock, and approved of such action, or, whether defend-

ant in selling the shares assumed responsibility to plaintiff for payment of the purchase-price, and accepted the note from the purchaser on his own responsibility. The charge, as a whole, was fair and impartial, and contains no substantial error, the question being solely one of fact. The jury returned a verdict for plaintiff.

The first assignment of error complains of the action of the court in overruling defendant's objection to permitting plaintiff to testify that defendant induced him to become a stockholder in the company. As this testimony was offered for the purpose of rebutting the inference which the jury might draw from questions asked plaintiff on cross-examination, to the effect that defendant was taking care of plaintiff out of friendship, rather than because of an agreement to dispose of plaintiff's stock, it was properly admitted. If defendant induced plaintiff to become interested in the company this might serve as a reason for defendant's promise to sell plaintiff's stock in recognition of his moral obligation and would therefore be competent evidence, tending to rebut the inference that he acted for some other reason. Seltzer v. Brundage, 17 Atl. Repr. 9; Reyenthaler v. Philadelphia, 160 Pa. 195.

The second, third and fourth assignments of error are to the action of the court in permitting plaintiff to testify in rebuttal, whether the words "Three months' interest from William H. Llewellyn" were on the check given by defendant to plaintiff in payment of interest at the time the check was received or at least whether plaintiff saw them. If these words were on the check at the time it was very material to defendant, for the reason they would be notice to plaintiff of the fact that defendant considered him the beneficial owner of such part of the note as was represented by the value of his shares of stock. If they were not there or if plaintiff in fact did not see them, this would support plaintiff's contention that he had no knowledge of the existence of the note and the acceptance of the check would not estop him

from offering evidence to this effect. The evidence was relevant for this purpose and the fact that it was offered in rebuttal, instead of being offered in plaintiff's case in chief, is not ground for reversal. The order of admitting testimony is within the discretion of the trial judge: Sample v. Robb, 16 Pa. 305; Findlay v. Stewart, 56 Pa. 183; Brown v. Finney, 67 Pa. 214; Commonwealth v. Bell, 166 Pa. 405.

The fifth assignment of error complains of the statement of the trial judge in his charge to the effect that on several occasions, plaintiff asked defendant for his money and the latter replied that "it would not suit him or he could not pay it then." It is contended there is no such evidence in the case. Plaintiff testified he made several demands on defendant for payment and at one time the latter stated "He didn't know how he could do it" and at another time "The only thing he could do was to transfer the note over and let me try to collect it." Plaintiff further testified defendant agreed to assign the judgment note against W. H. Llewellyn to plaintiff when the latter "pressed him for the money" and the last time he made request of defendant for payment of the claim, defendant said "the only thing he could do for me would be to transfer that note over to me." While the trial judge did not quote this testimony, word for word, what he said was not a material departure from the language of the witness, but was a mere statement of its substance or effect. Furthermore, if there was a misstatement, counsel should have called the attention of the court to it at the time, and having failed to do so should not now ask a reversal for a mistake to which he contributed especially as the error was not material: Chestnut Hill & Spring House Turnpike Road Co. v. Montgomery County, 228 Pa. 1. A party may not sit silent and take his chances of a verdict and then if it be adverse complain of a matter, which, if an error, would have been immediately corrected and made

harmless: Commonwealth v. Razmus, 210 Pa. 609; Johnson v. Capital Fire Insurance Co., 218 Pa. 421.

There is no error in the portion of the charge complained of in the sixth assignment. If defendant in fact acted on his own responsibility in taking a note for the stock and assumed liability to plaintiff for its value, the mere fact that plaintiff subsequently inquired whether the note has been paid and had not at any time made demand for payment for his stock, would not change the relation which existed when the transaction was completed. The question of agency must be determined as of that time and the subsequent acts of plaintiff were not necessarily conclusive of the question. The court was therefore right in saying to the jury it was a matter for them to decide. There was no error in thus qualifying the answer to the point. It has been frequently stated by this court that the granting of a new trial is within the discretion of the court below and its action in this respect will not be reviewed in absence of clear error: Mix v. North American Co., 209 Pa. 636; Weitz v. Banfield, 226 Pa. 241; Mellinger v. Penna. R. R. Co., 229 Pa. 122. For this reason the seventh assignment of error is overruled.

The judgment is affirmed.