NOTE.—In 1922, the first Monday of January fell on Jan. 2nd.

---

## Hendrix v. Henderson.

*Contract—Evidence—Special contract—Quantum meruit.*

Where the parties to a special contract for services are in dispute as to compensation fixed by the contract, evidence of the value of the services is admissible as bearing on the probabilities of the case and tending to show which statement is more likely to be true.

Motion by defendant for a new trial. C. P. Delaware Co., March T., 1920, No. 99.

*W. R. Fronefield,* for motion; *J. E. Walker,* contra.

BROOMALL, J., May 5, 1922.—The plaintiff filed a mechanic's lien against the property of the defendant, claiming a commission of 5 per cent. on the cost of a building, in addition to $40 per week wages for services rendered as superintendent in working on the building as a carpenter, and advising the defendant in the making of sub-contracts, and exacting the performance of them, and in approving such performance. The plaintiff claimed, by the lien and proofs, that there was a special contract made by the defendant with him to pay him $40 per week wages and 5 per cent. on the cost of the building for such services.

The defendant contended that the special contract for the compensation was $35 per week wages and $5 per week for the said services. The plaintiff had been paid the sum of $40 per week.

The jury rendered a verdict on April 28, 1921, for $493.09, which was the full amount of the plaintiff's claim.

The defendant now moves for a new trial, and urges in support thereof that evidence was erroneously admitted in behalf of the plaintiff as to what such services were reasonably worth according to the standards of the business.

The mind is rather inclined at the outset to the conclusion that in a suit on a special contract for services rendered, where the contract is denied, the only question at issue is, was such contract made, and that evidence of the value of services is not pertinent to the issue. The case of Rauch *v.* Scholl and Miller, 68 Pa. 234, cited by the plaintiff, affords no assistance to solve the question. The case cited was upon the common counts, and, of course, evi-

Hendrix *v.* Henderson.

dence of reasonable value was admissible. The question mooted was whether the evidence under consideration in that case was of any value upon reasonable worth.

Nevertheless, the weight of authority is that the evidence admitted in the instant case was properly admitted. The general rule is stated in L. R. A., 1915 *c*, 1213: "By the great weight of authority, where the parties to a special contract for services are in dispute as to the compensation fixed by the contract, evidence of the value of the services is admissible as bearing upon the probabilities of the case, that is to say, as tending to show which statement is more likely to be true. The purpose of the evidence is to corroborate the party offering it as giving probability to his statement in regard to the amount fixed by the contract, and to cast doubt and improbability upon the statement made by the other party."

Adopting this statement of the general rule, we must refuse defendant's motion for a new trial, which is accordingly done.

From A. B. Geary, Chester, Pa.