## Goldman v. Lichtenstul et al., Appellants.

Argued April 29, 1935.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, James and Rhodes, JJ.

*Edward S. Sheinberg,* for appellants.

*Harry Weisberger,* for appellee.

Opinion by Parker, J., July 18, 1935:

The plaintiff has a judgment against the defendants, for merchandise sold and delivered on a parol contract, and the defendants have appealed to this court complaining that a new trial should have been granted to them on account of trial errors. The sole question in

issue was one of fact, and no question of substantive law is involved.

Plaintiff and defendants entered into a parol contract which contemplated the production and sale of uniforms for use by large employers of labor. The merchandise was to be manufactured by plaintiff and the business procured, sales consummated, and proceeds received by defendants. The plaintiff asserted that he was first to receive from defendants an agreed and fixed price for the manufacture of the articles and that then the difference between the amount charged for such manufacture and the total received was to be equally divided between the parties. The defendants, on the other hand, asserted that the plaintiff was to receive first only actual cost of manufacture and not an agreed price. Settlements were made for all the transactions between the parties except such as arose by reason of this difference in the contentions as to the terms of the contract. Even the computations on the respective theories were agreed upon so that the jury had but one question to decide, and that was how much plaintiff was to receive from defendants for the manufacture of the goods. The trial judge submitted the issue to the jury in a manner that could not be misunderstood, and the only exception to the charge was a general one granted by the court to both plaintiff and defendants.

The first complaint is that the appellants, defendants below, were refused a request to have the closing address to the jury. To sustain this complaint, we have only the statement of counsel that his request for this privilege was refused and that without any suggestion that there was an exception taken to such order. The record as presented to us not only does not show a request, but it does not show an exception. The trial court, however, in its opinion, tacitly admitted that such a request had been made. The Supreme Court, in Bradford's Administrators v. Whitesides, 16 S. & R.

320, 321, said: "Whether the plaintiff or defendant had the conclusion to the jury, we shall not undertake to decide, as we are clearly of opinion, it is not assignable for error. Every court is the best judge of its own practice; and it does not become this court, on slight grounds, to interfere. Counsel consider the ast word to the jury as of some consequence; sometimes it enables them to remove, and sometimes to create, false impressions on the minds of the jury; but every inconvenience of this kind, it is presumed, is attended to and prevented by the charge of an upright and able court. It is, at any rate, but *damnum absque injuria.*" This is still the law: Patterson v. Marine Nat. Bank, 130 Pa. 419, 18 A. 632; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 290, 295; Blume v. Hartman, 115 Pa. 32, 8 A. 219.

However, the trial court correctly decided, in accordance with established practice, that the plaintiff was entitled to the closing address. The burden of proof was on the plaintiff to establish the contract alleged in the pleadings, and the mere fact that the defendants set up a different contract did not change the usual rule. This is not a case where the plaintiff has made out a prima facie case and the defense is an affirmative one, such as payment, or the defendant has submitted no evidence.

The remaining complaint is that the trial court inadvertently, in his charge to the jury, incorrectly stated the credit to which the defendants would have been entitled if the jury had accepted the defendants' version of the contract. There is not any question that the figures were not correctly stated, but this was due alone to the fault of counsel for the defendants who, by a written point, requested the trial judge to charge just as he did. In any event, this error was cured by the verdict. In order to find a verdict for the full claim of plaintiff, it was first necessary for the jury to find that the plaintiff was to have a fixed price for the manufac-

ture of the merchandise. When the jury accepted this contention, it was unnecessary for them even to consider the amount that might be due defendants. "Furthermore, if there was a misstatement, counsel should have called the attention of the court to it at the time, and having failed to do so should not now ask a reversal for a mistake to which he contributed especially as the error was not material": Shade v. Llewellyn, 250 Pa. 456, 461, 95 A. 583; Chestnut Hill & Spring House Turnpike Road Co. v. Montgomery County, 228 Pa. 1, 76 A. 726.

Judgment affirmed.