## Cisz et ux. v. Meyers

*Harkins & Wharton,* for plaintiffs.
*Samuel R. DiFrancesco,* for defendant.

GRIFFITH, J., February 15, 1954.—This is an action of trespass arising out of an automobile accident in which husband plaintiff was the driver and sole occupant of an automobile belonging to his wife. The jury arrived at a verdict for wife plaintiff for damages to the automobile in the sum of $1,995 and for

husband plaintiff a verdict was returned in the sum of $700. Plaintiffs filed a motion for a new trial.

One of the reasons advanced by plaintiffs for a new trial is that defendant's counsel was permitted to make the concluding argument to the jury. Ordinarily plaintiff has the right to make the concluding argument because plaintiff has the burden of proof. However, we felt that since defendant admitted on the record in open court all the averments contained in the complaint except, of course, the amount of damages asked, and offered no testimony, he should have the right to close to the jury.

In Twaddell v. Chester Traction Company, 6 Del. Co. 399, the court held that the fact that the trial judge followed a local rule of court providing that when defendant offered no defense he had the right to have the closing address to the jury is not error.

In Goldman v. Lichtenstul et al., 118 Pa. Superior Ct. 124, where defendant denied the existence of the contract alleged by plaintiff and set up a different contract as a defense the court said that the burden of proof was nevertheless on the plaintiff to establish the contract he alleged in his pleadings and that plaintiff was properly permitted to close to the jury. In that case the court quoted from the opinion of the Supreme Court, in Bradford's Administrators v. Whitesides, 16 S. & R. 320-21, "It is, at any rate, but damnum absque injuria". The Superior Court in the Goldman case said: "This is not a case where . . . the defendant has submitted no evidence." The inference is clear that if defendant had submitted no evidence he would have had the right to close. In view of the fact that defendant admitted his negligence and plaintiffs' lack of contributory negligence and offered no testimony we are satisfied that these circumstances entitle him to have the closing argument to the jury.

Plaintiffs further complain that defendant admitted his negligence and plaintiffs' lack of contributory negligence too soon. They contend that defendant should not be permitted to admit the averments in plaintiffs' complaint until the plaintiffs have had an opportunity to present their testimony to the jury. We can see no reason why a defendant who is satisfied to admit his liability should not be permitted to do so at any stage of the proceedings. Apparently plaintiffs feel that they have been deprived of some advantage in not being able to first present all of their testimony before defendant's admission may be placed of record, so that when defendant's admission finally comes it will appear to the jury that the admission has been forced from him reluctantly as a result of the weight of plaintiffs' testimony. As we view it, a defendant should be permitted to admit his fault at any stage of the proceedings.

If a defendant delays too long in making an admission it may come too late to give him the right to close to the jury. In 53 Am. Jur. 72, note 12, we find the following:

"The admission (that the plaintiff had a good cause of action) is too late to accord the defendant the right to open and close the argument if made after the close of the plaintiff's case."

In 53 Am. Jur. 73:

"Aside from any such provision, it is too late after the plaintiff has made out a prima facie case for the defendant to make any admission which will deprive the plaintiff of the right to open and conclude the argument."

Plaintiffs also strongly urge that their motion to withdraw a juror and continue the cause because of certain remarks made by defendant's counsel in closing to the jury should have been sustained. These remarks as placed upon the record by counsel for plaintiffs were as follows:

"Members of the jury, now you can see clearly why this case wasn't settled out of court."

Defense counsel also stated that defendant had made a settlement with a Mr. Johnson. And further "I can't tell you what we offered to settle for". We need not be concerned about the reference to the settlement made with Mr. Johnson by defendant because the fact of such settlement is in the testimony without objection. Nor are we concerned with defense counsel's argument to the jury that they could see clearly why the case wasn't settled out of court. This would seem to be an argument that the jury should infer from plaintiff's demeanor on the stand and from the fact that certain of his claims for loss of earnings while disabled seemed to be somewhat fanciful that he had an exaggerated idea of the value of his injuries. The more serious question is in regard to defense counsel's statement "I can't tell you what we offered to settle for". This remark was, of course, not based upon anything contained in the record of the trial and was highly improper.

In 53 Am. Jur. 388, we find the following:

"Since the policy of the law encourages the settlement of legal controversies, the making of an offer of compromise is not a proper subject of comment by counsel in argument to the jury and references by counsel to such a subject, unless it clearly appears from the record that the verdict of the jury was not affected, are grounds for the granting of a new trial."

After defense counsel's attention had been called by opposing counsel to the impropriety of his remark he said in the presence of the jury: "Are you afraid to take this case to a jury?" Immediately thereafter, however, defendant's counsel stated that he was willing to withdraw any remarks he made and the trial judge instructed the jury to disregard completely the statements made by defendant's counsel and discharge from

their minds any consideration of such statements. Since there was nothing in the record concerning any offer of settlement, the remarks were improper. Even though the remarks indicated that it was the client of the counsel making them who had offered to settle, they would nevertheless be improper as indicating that plaintiffs were unreasonable in their claims. It is true counsel could properly argue that the claims were unreasonable but he could not base such argument on a fact not properly of record and which could not have been introduced in evidence.

The question now before us, therefore, is whether the withdrawal of the prejudicial remarks by defense counsel and the court's prompt instruction to the jury to disregard them was a sufficient cure. The question is whether the improper remarks injured plaintiffs since they were promptly withdrawn by defense counsel and the jury was instructed to disregard them. Counsel's remark that he could not tell the jury what defendant offered to settle for was calculated to prejudice the jury. Unlike his first remark that the jury could see why the case wasn't settled out of court, the latter remark was based upon neither testimony nor the demeanor of plaintiff while on the witness stand. The fact that defendant had made an offer of settlement had no part in the trial of the case. It is true that defendant's counsel afterward withdrew the remarks and the court attempted to correct the impression it may have left on the minds of the jury. We realize that in the heat of a trial counsel may occasionally make a statement which is not sustained by the record. If such statements are promptly withdrawn by the counsel and if the court directs the jury to disregard them, they may not have a prejudicial effect on the jury and, therefore, may not warrant the granting of a new trial. However, in this case, before withdrawing his improper remarks counsel for defendant first said to plaintiffs' counsel, "Are

you afraid to take this case to a jury?" Under the circumstances we cannot say that the improper remarks did not prejudice the jury in arriving at their verdict. In Narciso v. Mauch Chunk Twp., 369 Pa. 549, 552, the court said:

"From these cases it is quite clear that this court will not tolerate any irrelevant remarks by counsel which are reasonably likely to have a direct and prejudicial effect on the award of damages."

In L. R. A. 1918 (D) 28, it is said that the court should either order a juror withdrawn and continue the cause or set aside the verdict.

". . . Unless he shall be clearly and affirmatively convinced that the verdict would have been what it was if the improper and illegitimate language had not been used." ·

We are not convinced that the verdict in this case would have been in the same amount if the improper language had not been used. There was no dispute as to the verdict for wife plaintiff for the damages to her automobile in the sum of $1,995. Husband plaintiff was awarded $700 for personal injuries. Of this it was agreed that his out-of-pocket expenditures amounted to $114.25, leaving a balance of $585.75 for loss of earnings and pain and suffering. He testified that he lost the sum of $40 as a result of being unable to umpire baseball games, $858.40 income which he would have otherwise received as a result of extra hauling with his truck, and $792.25 which he would have made from the sale of religious plaques, or a total of $1,690.65 without any allowance for pain and suffering. Thus he was awarded slightly more than one third of the loss of earnings claimed and nothing for pain and suffering, or some amount for pain and suffering and something less than one third of his loss of earnings. It is quite possible that the estimate of his earnings from the sale of religious plaques was

high. However, in view of the small sum awarded him by the jury, we are not convinced that the verdict would have been the same in the absence of the improper remarks of the defendant's counsel.

We, therefore, enter the following

### Decree

And now, February 15, 1954, at 10 a.m., after argument, and upon due consideration, it is hereby ordered and decreed that plaintiffs' motion for new trial be sustained and a new trial is hereby awarded.