Burish, Appellant, v. Digon.
Digon v. Burish, Appellant.

Argued October 8, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused February 15, 1965.

*Richard DiSalle,* for Burish, appellant.

*William C. Porter,* for appellee.

*George K. Hanna,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 12, 1965:

In the late afternoon, an automobile operated by Stella Digon collided with an automobile operated by George Burish at a rural road intersection. At the time involved, Digon was traveling east on one of the intersecting roads and Burish was traveling south, approaching from Digon's left, on the other. Both drivers were seriously injured. Cross actions for damages were instituted and later consolidated for trial. The jury found in favor of Digon in both actions, and in the one wherein she was plaintiff awarded her substantial damages. Post trial motions were dismissed and from the judgments entered upon the verdict, Burish appeals.

Appellant first contends that Digon was guilty of contributory negligence as a matter of law in that she did not continue to look for approaching traffic as she proceeded through the intersection. That the evidence warranted a conclusion that Burish was negligent is not contested. It justifies a finding that he saw the other vehicle for sufficient time beforehand to bring his car to a stop, or through other reasonable action to avoid the collision.

The intersection involved was not controlled by traffic lights or stop signs at the time of the accident, although, under the evidence, it is clear that the road upon which Burish was traveling was considered a through highway. Both roads were of macadam surface construction and each approximated 20 feet in width.

Digon's testimony discloses that she brought her automobile to a complete stop approximately five feet

from the intersection; that she then first looked to her left, immediately following to her right, and finally to her left again; that she had an unobstructed view to her left of approximately 150 feet; that seeing no traffic approaching in either direction on the intersecting road, she proceeded slowly in low gear at a speed of ten to fifteen miles an hour across the intersection; that she considered the slow rate of speed necessary because of a depression in the road; that after her automobile traveled approximately twelve feet across the intersecting road, the collision occurred with the left front fender of her vehicle coming into contact with the right side of the Burish automobile; that she did not see the latter vehicle until the moment of collision.

It is beyond argument that a motorist at an intersection is always required to be alert, observe conditions before entering therein, and to continue to look as he proceeds through: *Smith v. United News Co.*, 413 Pa. 243, 196 A. 2d 302 (1964). It is equally well established that contributory negligence should not be declared as a matter of law, unless the conclusion thereof is inescapable: *Endfield v. Stout*, 400 Pa. 6, 161 A. 2d 22 (1960). This is not such a case.

Digon looked twice to her left before entering the intersection. As of that moment, Burish was not within her view. She, therefore, had the right to proceed. Having done so, what could or should she have done, as a reasonably prudent person, to avoid the collision? Is it an inescapable conclusion that she was guilty of negligence, which contributed to the accident, because she failed to swivel her head back and forth while traveling a very short distance? We think not. It may be asked, where did Burish come from if she did not see him beforehand. One must remember that her view upon entering the intersection was limited to approximately 150 feet and modern automobiles, travel-

ing even at a moderate rate of speed, traverse this distance in seconds. According to Burish's own testimony, he was traveling 45 miles an hour as he approached the intersection and, admittedly, he saw the other vehicle when 50 feet away. Under the circumstances, the issue of negligence, as to both drivers, was for the jury.

At trial, Burish was represented by two different attorneys, one in his capacity as plaintiff, and another in his role as defendant. After the evidence was closed, Digon's attorney argued her contentions, both as plaintiff and as defendant, to the jury. The attorney who represented Burish as plaintiff then argued his side of the case fully to the jury. The attorney who represented Burish as defendant then requested permission also to argue to the jury. The court denied the request, and this ruling is assigned as an error requiring the grant of a new trial.

Under Rule 223 of the Pennsylvania Rules of Civil Procedure, local courts are empowered to make and enforce rules regulating the *number* and length of addresses to the jury. Rule L 223 of the court of the county involved prescribes that, "The trial Judge, in his discretion, may limit the closing address to one attorney for each party or group of parties." Further, it has long been established that the addresses of counsel to the jury are especially subject to the regulatory powers of the trial judge. See, 2 Anderson, Pennsylvania Civil Practice, §223.1 (1960) ; 38 P.L.E., Trial §103 (1961) ; Laub, Pa. Trial Guide §42 (1959) ; and, *Goldman v. Lichtenstul,* 118 Pa. Superior Ct. 124, 179 A. 870 (1935). So long as no clear abuse of discretion exists or rights of due process are violated, an appellate court should not interfere. Under the circumstances presented, none such appear.

The charge of the trial court was complete and unbiased, and it is not here questioned. The position of

the parties, both as plaintiff and defendant, was made abundantly clear. The cross actions consolidated for trial arose out of the same facts and involved identical parties. Burish received the same treatment as his opposing litigant. None gained special advantage over the other. Burish was represented by his both counsel as an individual, even though one may have been present to protect the interests of a company carrying liability insurance on his automobile. The fact that his counsel could not agree between themselves as to what the closing argument should include should not vitiate Digon's fairly won verdict. It must be further noted that if the second counsel were permitted to argue, it was his declared purpose to maintain that both drivers were guilty of negligence and, therefore, neither should recover.[1] The unfairness of this to Digon is patently clear.

Judgments affirmed.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I join the majority in holding that the trial court in this case properly confined the appellant's closing argument to the jury to just one attorney. This is a matter clearly within the discretion of the trial court and the record is free from any showing that the trial court abused its discretion.

I also find an area of agreement with the dissenting opinion. I seriously doubt that the instant case would have arisen or presented a question of any merit whatsoever were it not for the broad language in *Jedwabny v. Philadelphia Transp. Co.*, 390 Pa. 231, 135 A. 2d 252 (1957). The sweeping language there indicates that in any case where a plaintiff is made an additional defendant he must have two attorneys to represent two allegedly conflicting interests. As applied to this

---

[1] Counsel for Burish in this Court did not participate in the trial.

case, I agree with the Chief Justice that the language of *Jedwabny* results in an unrealistic, unwise and artificial concept. In *Jedwabny* there were a number of plaintiffs and under those circumstances there may have been a conflict of interest, as witnessed by the dilemma of the plaintiff's attorney at the post-trial motion stage. However, I can not see how the A.B.A. Canons of Professional Ethics prevent, as the broad language of *Jedwabny* indicate they do, an attorney from representing one person in his position as plaintiff and that same person in his position as an additional defendant. Canon 6, by its terms, applies only where the attorney seeks to represent more than one person.

Absent other plaintiffs whom the attorney also seeks to represent, there is no conflict of interest. In both roles the plaintiff-additional defendant is seeking to prove himself free of any negligence and to establish the negligence of the original defendant.

---

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

In logic and in principle this case is ruled by *Jedwabny v. Philadelphia Transportation Company*, 390 Pa. 231, 135 A. 2d 252, to which I wrote a Dissenting Opinion. I am convinced *Jedwabny* should be overruled and I believe the bar feels the same way. However, until *Jedwabny* is overruled, the Opinion in the instant case cannot be sustained. It is illogical, unfair and unjust to *require* (1) a poor man (or any person) to employ two different attorneys in the same case, viz., in which he is plaintiff and has been joined as an additional defendant, and where two cases, in one of which he is plaintiff and in the other he is defendant, are consolidated for trial,—and (2) then refuse to allow an attorney representing him in one of those allegedly *conflicting* capacities to argue his case to the jury.

Consequently, I dissent and would grant a new trial.

Mr. Justice MUSMANNO joins in this Dissenting Opinion.