## Lehner, Appellant, v. Schellhase et al.

Argued January 27, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*A. J. White Hutton,* for appellant.

*Edwin D. Strite,* with him *James A. Strite,* for appellees.

OPINION BY MR. JUSTICE PARKER, March 24, 1941:

This is an appeal from an order of a court of common pleas refusing to take off a nonsuit and entering judgment for the defendants in an action in trespass brought to recover damages resulting from a collision at a street intersection between a Ford coupe and a Ford truck. We all agree with the conclusion reached below that plaintiff was guilty of contributory negligence as a matter of law.

We will refer to the essential facts, viewing them in a light most favorable to plaintiff as we are required to do. In the Borough of Chambersburg, Lincoln Way West extends east and west, is sixty feet in width between the property lines and thirty-nine feet between curbs, and is intersected at right angles by Franklin Street, a road of about the same width between property lines and thirty-seven feet in width between curb lines. Lincoln Way is paved from curb to curb and is a through street, the approach to it from Franklin Street being marked by a stop sign as required by statute. The plaintiff, in broad daylight, drove his coupe northward on Franklin Street, bringing it to a complete stop when the front of his car was near the line of the southeast curb of Lincoln Way. It was testified that plaintiff looked east and west and saw no cars approaching in either direction and that he then drove forward without looking again either to the left or right until he had just about cleared the center line of Lincoln Way when his car was struck at the rear left corner by the Ford truck coming from the west. The truck was driven by

one defendant and owned by the other. The impact broke off the rear tail light of the coupe and caused its rear wheels to slide sideways as it moved forward so that the marks of the tires described an arc on the pavement. The coupe was not upset and was driven away under its own power after the collision. The truck came to a stop about sixty feet east of the point of collision.

While the plaintiff complied with the statutory duty imposed upon him on approaching a through highway by stopping the car before entering the intersecting street and likewise complied with the requirement that he should look in both directions before entering the intersection, his duty did not end there. He was required to yield the right of way to vehicles approaching from either direction on the through highway: Act, May 1, 1929, P. L. 905, § 1014, as amended (75 PS § 573), and § 1016, as amended (75 PS § 591). When the plaintiff moved forward and entered the intersection it was also his duty to continue to look as he advanced into the intersection and to keep his car under such control that he could stop at any moment and avoid a collision: *Dougherty v. Merchants Baking Co.,* 313 Pa. 557, 169 A. 753; *Jaski v. W. Park Daily C. & D., Inc.,* 334 Pa. 12, 14, 5 A. 2d 105; *Riley v. McNaugher,* 318 Pa. 217, 219, 178 A. 6.

This standard of care is peculiarly applicable where, as here, the plaintiff's view of the through highway was partially obstructed at the point where he stopped and looked. The southwest corner of the intersection was occupied by a building located on the property line and there were at least two cars parked next to the curb on the south side of Lincoln Way to the west. Plaintiff testified: "Q. And how far could you see to your left, that is, in a westerly direction? A. Well, I could see up there I imagine pretty close to 200 feet, the building across the way at a diagonal." From this it is apparent that at the point where plaintiff last looked, and that is the important point, his vision was limited to a diagonal

view of traffic coming from the west and that if he had continued to look he would have had an enlarged view as he advanced: cf. *Shapiro v. Grabosky,* 320 Pa. 556, 184 A. 83. Although the truck was approaching from the west on a broad avenue, plaintiff testified that he did not see it "until just the instant" it collided with his coupe. This evidenced a clear infraction of the established rule and convicts plaintiff of contributory negligence.

Plaintiff argues that even though he was negligent in not looking to the east or west after entering the intersection and in not seeing the car coming from the west when it could have been seen if he looked, such negligence did not contribute to the accident because defendants' car was on the wrong side of Lincoln Way at the instant of collision. The argument is not sound for several reasons. The point where the marks of the sliding tires originated was but two feet north of the center line and if allowance is made for the substantial distance between the center of the tires and the rear of the car and if the point of impact on the coupe is taken into account, the defendants' car may not have been north of the center line and, if it was, it was only over a matter of inches. Even though defendants' car was over the line a few inches, it was in plain view if plaintiff had looked. Plaintiff was bound to exercise reasonable caution to avoid an accident even though the defendant driver was negligent. The location and speed of defendants' car may have shown negligence on the part of defendant driver, but that does not relieve plaintiff from his duty to exercise due care. To relieve the plaintiff under the circumstances present here would be to disregard the salutary rules requiring due care on the part of anyone entering an intersection of two highways.

Judgment affirmed.