Sollinger *v.* Himchak (et al., Appellant).

Argued October 6, 1960.  Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*Leo C. McCandless,* for appellant.

*William C. Robinson,* with him *Henninger & Robinson,* for appellee.

234

*George S. Goldstein,* with him *Saul J. Bernstein, John P. Spina,* and *Campbell and Bernstein,* for appellees.

OPINION BY MR. JUSTICE EAGEN, January 4, 1961:

On a bright, clear and dry afternoon, automobiles operated by A. H. Himchak and Edith Malvincini, respectively, collided on Route 8, a main highway running between the cities of Pittsburgh and Butler, Pennsylvania. Three guest passengers in the Malvincini car were injured and sued Himchak. Edith Malvincini, who subsequently died from causes in no way connected with the accident, was brought upon the record as an additional defendant. A jury trial resulted in a verdict for the plaintiffs against both defendants. From the entry of judgments following the denial of motions for a new trial and judgment non obstante veredicto, the additional defendant appeals.

The original defendant, Himchak, did not appeal and an examination of the record discloses more than ample evidence to sustain the jury's conclusion that his careless driving was causative negligence of the accident. We are also satisfied, under the circumstances presented, that it was for the jury to resolve the question of the existence of negligence on the part of Edith Malvincini.

The road involved was a three-lane concrete highway and at the point of collision was straight but located on the brow of a very slight grade running from both directions. The cars were traveling in opposite directions. Himchak, south; Malvincini, north. There existed a clear view to the north of from 500 to 700 feet, except that, approximately 200 to 300 feet north of the point of impact, there was a dip in the roadway extending in length for approximately 75 feet. An automobile traveling south, while in the dip, would be

momentarily hidden from the view of one south of the point of impact, the length of time depending, of course, upon the speed of the vehicle coming south. In other words, Edith Malvincini, from at or about the point of impact, could see the Himchak car traveling south, before it entered the dip for a distance of approximately 700 feet, could continue to see it as it approached the dip and could see it again when it emerged from the dip for a continuing distance of approximately 300 feet.

Upon the occasion concerned, the Malvincini automobile was in the process of making a left-hand turn off the highway at a 45 degree angle, in order to stop at a fruit stand located on the westerly side of the highway. In order to do this, it had to leave its lane of traffic and cross over two other lanes of traffic, one reserved for traffic coming in the opposite direction. The front of the Himchak car hit the right-hand side of the Malvincini car at almost dead center. At that moment, the front wheels of the latter car were off the concrete and on the berm adjacent to the highway, a substantial portion of the car still being on the concrete in the lane of traffic legally used by cars traveling south. There was evidence that, moments before the collision, the Himchak car was traveling in its proper lane at a rate of speed estimated at sixty miles per hour, with its brakes then applied. Tire skid marks on the highway, two to three feet from the westerly edge and caused by the Himchak car, extended for a distance of 76 feet.

The operator of an automobile on a public highway must have the vehicle under constant control. Having one's car under control means that he will be able to stop it before doing injury to any person or property in any situation reasonably likely to occur: *Schofield v. Druschel,* 359 Pa. 630, 635, 59 A. 2d 919 (1948). He may not leave his own proper lane of traffic and cut

across the highway without due regard for the safety and rights of others who may be using the highway at the same time. One does not have the absolute right to turn into or cross another lane of traffic and may do so only after signaling an intention so to do and first having reasonably assured himself that, by his so doing, others using the highway will not be placed in danger of injury: *Martin et al. v. Arnold,* 366 Pa. 128, 132, 77 A. 2d 99 (1950).

In view of the verdicts of the jury, the evidence must be evaluated in the light most favorable to the plaintiffs in determining the right of the additional defendant to judgment n.o.v.: *Kuhns v. Brugger,* 390 Pa. 331, 335, 135 A. 2d 395 (1957). The facts have been resolved and the jury has found that Edith Malvincini's negligence contributed to the accident. We cannot now say, as a matter of law, that she was without fault. The jury could properly have found, under the evidence, that the Malvincini car proceeded across the highway when it was improvident so to do.

Because of her death, Edith Malvincini could not testify at the trial and no other witness in these cases testified as to the exact location of the Himchak car at the moment when the Malvincini car started to cross over the highway. However, this Court has said many times that a person cannot be heard to say that he looked and saw nothing over a distance of ground when in fact he was struck within a few seconds thereafter by a vehicle coming from that direction: *Matthews v. Derencin et al.,* 360 Pa. 349, 62 A. 2d 6 (1948).

The additional defendant also entered a plea of res judicata. It appears that before the trial of these actions, Edith Malvincini and her husband sued and recovered a judgment against Himchak for loss sustained in this same accident. It is urged that this prior adjudication of Himchak's sole responsibility in causing this accident is a final determination of the litigated

issue of negligence and is conclusive as to the question of Edith Malvincini's liability as to all other parties involved. This Court has previously rejected this theory in cases similar to this and the case of *Samuels v. Johnson,* 355 Pa. 624, 50 A. 2d 670 (1947); is controlling. Therein it was ruled that a judgment in favor of the operator of one automobile in his suit against the operator of another automobile for injuries resulting from a collision was not res judicata as to the former operator's liability to a passenger in the latter automobile for injuries resulting from the collision.

The court below, therefore, properly denied judgment non obstante veredicto.

The additional defendant having died before trial, the three plaintiffs and the original defendant were incompetent, under the Dead Man's Act of May 23, 1887, P. L. 158, §5(e), 28 PS §322, to testify in the claim against the decedent: *Thomas v. Tomay,* 394 Pa. 299, 147 A. 2d 321 (1959). However, they were competent to testify in the case of the plaintiffs against the original defendant, Himchak. The plaintiffs were permitted to testify and give their versions of the occurrence in the latter action. Since all actions were consolidated for trial, the trial judge very carefully instructed and warned the jury that the testimony given by plaintiffs personally was not to be considered in determining the question of Edith Malvincini's negligence. This procedure was approved in *Kuhns v. Brugger,* supra. The additional defendant argues that, while this may be legally correct, undue prejudice necessarily resulted and that a new trial should be granted. There is no merit in this contention. Eliminating the testimony of the individual plaintiffs, there was other proof of sufficient facts upon which to base a finding of decedent's causative negligence. In addition, no severance was requested. Finally, we are hard put after a study of the testimony to see in what manner

it was detrimental to the additional defendant's cause. A conclusion to the contrary is easily reached.

A careful consideration of all of the assignments of error evokes the conclusion that all parties received a fair day in court.

The judgments are, therefore, affirmed.