Charles *v.* LaRue et al., Appellants.

Argued March 1, 1965. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, and Hoffman, JJ. (Flood, J., absent).

*David J. Reedy, Jr.,* with him *Van Deusen, Van Deusen & Reedy,* for appellants.

*Daniel H. Jenkins,* for appellee.

Opinion by Wright, J., March 18, 1965:

At 11:45 a.m. on May 31, 1962, at the intersection of Sanderson Avenue and Poplar Street in the

City of Scranton, there was a collision involving an International Truck owned by Consumers Coal & Fuel Co., Inc., operated by its employe, Michael E. Ford, and a 1953 Ford sedan owned and operated by William P. Charles. A trespass action was instituted by Charles for personal injury and property damage, which resulted in a jury verdict in the amount of $500.-00 against both Ford and the corporation. A nonsuit was entered as to a third defendant, John J. LaRue. A motion for judgment n.o.v. was denied by the court below, judgment was entered on the verdict, and this appeal followed.

The record discloses that Charles was proceeding south on Sanderson Avenue and Ford was proceeding east on Poplar Street. Sanderson Avenue is a through highway protected by stop signs against traffic on the intersecting streets. There is no question as to Ford's negligence since he admitted that he did not heed the stop sign, and assumed responsibility for the collision. "I didn't see the stop sign. I went right through it, and I will take care of everything."

The sole contention advanced by counsel for appellants is that Charles was guilty of contributory negligence as a matter of law. In passing on this contention we must bear in mind three well-settled legal propositions. (1) The evidence must be viewed in the light most favorable to the winner of the verdict: *O'Neil v. O'Neil*, 204 Pa. Superior Ct. 485, 205 A. 2d 687. (2) Contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and reasonable persons cannot disagree as to its existence: *Lemmon v. Bufalino*, 204 Pa. Superior Ct. 481, 205 A. 2d 680. (3) The appellate court should be reluctant to interfere with the determination of this issue by the jury where its verdict has been approved by the trial judge and the court en banc: *Skoda v. West Penn Power Co.*, 411 Pa. 323, 191 A. 2d 822.

It is argued on behalf of appellants that Charles relied solely upon the stop signs for right of way, and did not "look for oncoming traffic from left or right". This matter was submitted to the jury in a fair and impartial charge concerning which no complaint is made. As aptly stated by the trial judge speaking for the court en banc: "Of course, a driver proceeding on a through street may not drive blindly into an intersection in sole reliance on a stop sign. But there is no evidence that plaintiff did. In other words there is no square admission by the plaintiff under cross-examination that he did not look. He must be understood to say only that he could not recall. It is a matter of common knowledge that inability of persons involved in automobile collisions to recall or remember details is not uncommon. The issue of contributory negligence was for the jury".

In the case of *Smith v. United News Co.*, 413 Pa. 243, 196 A. 2d 302, relied upon by appellants, plaintiff was passing a tractor trailer as he approached an intersection. The intersecting street had six traffic lanes, three in each direction. Plaintiff testified that he had the green light and placed blind reliance on that fact. The court below granted judgment n.o.v., and our Supreme Court affirmed. The situation in the instant case is entirely different, both factually and procedurally. We will not burden this opinion by separately discussing the other cases cited in appellants' brief: *Shapiro v. Grabosky*, 320 Pa. 556, 184 A. 83; *Papkin v. Helfand & Katz*, 346 Pa. 485, 31 A. 2d 112; *Ischo v. Bailey*, 403 Pa. 281, 169 A. 2d 38; *Esposito v. Henderson*, 185 Pa. Superior Ct. 479, 137 A. 2d 900; *Hartnett v. Wharton Hardware & Paint Co.*, 187 Pa. Superior Ct. 308, 144 A. 2d 581. Suffice it to say that they can also be readily distinguished.

Judgment affirmed.