## Gardner, Appellant, v. Maley.

110

Argued November 12, 1965. Before WRIGHT, WATKINS, MONTGOMERY, and JACOBS, JJ. (ERVIN, P. J., FLOOD and HOFFMAN, JJ., absent).

*Arnold W. Hirsch,* with him *Gerald B. Greenwald,* for appellant.

*Joseph F. Weiss, Jr.,* with him *Richard C. McHugh,* and *Weis & Weis,* for appellee.

Opinion by Jacobs, J., December 16, 1965:

In this T-intersection collision the plaintiff was proceeding north on a through highway. His automobile was hit by an automobile driven by the defendant as she entered the highway from a side road governed by a stop sign. Plaintiff was awarded a jury verdict. Defendant moved for a new trial and judgment n.o.v. The court below did not discuss the new trial motion but granted judgment n.o.v. for the defendant, declaring plaintiff contributorily negligent as a matter of law for failure to look toward the side road upon entering the intersection.

In considering a motion by defendant for judgment n.o.v., the court must read the testimony in the light most favorable to the plaintiff. *Charles v. LaRue*, 205 Pa. Superior Ct. 88, 208 A. 2d 31 (1965). After carefully considering the entire transcript, we are of the opinion that the lower court must be reversed. Plaintiff testified that as he approached the intersection he could see two car lengths up the side road and saw the defendant coming down this side road but did not see her stop at the stop sign. This testimony, though conflicting with that given by him at other points, made the determination of plaintiff's contributory negligence a question for the jury whose province it is to reconcile conflicting statements. *Costello v. Wyss, Inc.*, 200 Pa. Superior Ct. 568, 190 A. 2d 170 (1963). Contributory negligence may be declared as a matter of law only when it is so clearly revealed that fair and sensible persons cannot differ as to its existence. *Charles v. La-Rue*, supra.

It is true that plaintiff did say at other points in his testimony that he didn't see defendant's car until just before impact. However, he was never expressly confronted with this apparent inconsistency so as to be made clearly aware of it and the rule of *Stewart v. Ray*, 366 Pa. 134, 76 A. 2d 628 (1950), that where a

witness is confronted with a contradiction in his testimony his final statement controls, has no application in this case. See *Girard Trust Corn Exchange Bank v. Philadelphia Transportation Company*, 410 Pa. 530, 190 A. 2d 293 (1963).

Inasmuch as the lower court did not pass upon the merits of defendant's motion for a new trial and refused the same as a matter of form, the case will be returned to it so that it may consider that motion. *Petroleum Fuel Engineering Co. v. Hemphill*, 94 Pa. Superior Ct. 362 (1928).

Judgment reversed and motion for a new trial reinstated.