Gillingham *v.* Patz (et al., Appellant).
Fox, Appellant, *v.* Patz.

Argued November 28, 1967.  Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Paul Ribner*, with him *Lederer and Ribner*, for appellant.

*James J. McCabe, Jr.*, with him *Duane, Morris & Heckscher*, for appellant.

*Joseph Head*, with him *Swartz, Campbell & Detweiler*, for appellees.

OPINION BY MR. JUSTICE EAGEN, March 15, 1968:

Donald Fox and Horace W. Gillingham instituted these actions to recover compensation for injuries suffered in an automobile collision. The collision involved an automobile operated by Fox in which Gillingham was a passenger and an automobile operated by the defendant Patz while in the employ and on the business of the defendant, The Torrington Company [hereinafter Torrington]. A jury trial resulted in a verdict in favor of Fox in the amount of $9000 and in favor of Gillingham in the amount of $46,900 against both Patz and Torrington. In the Gillingham action Fox was joined as an additional defendant. He was exonerated from liability. Subsequently, the lower court en banc concluded that Fox was guilty of contributory negligence as a matter of law and entered judgment in favor of both defendants in his action notwithstanding the verdict of the jury. In the Gillingham action the court sustained the verdict against Patz and Torrington, but awarded a new trial limited solely to the issue of Fox's negligence as an additional defendant and his consequent liability for contribution to the Gillingham verdict. Fox appealed in both actions.

## Fox Action

In considering the merits of a motion for judgment n.o.v., the court must view the evidence, together with all the reasonable inferences therefrom, in the light

most favorable to the verdict winner. *Brandon v. Peoples Natural Gas Co.*, 417 Pa. 128, 207 A. 2d 843 (1965).

Viewing the record in this light, the following pertinent facts appear.

On November 23, 1959, at about 9:30 a.m., Fox, accompanied by Gillingham, was driving his automobile in a northerly direction on the Butler Pike in Montgomery County towards Chalfont, Pennsylvania, where both were to seek employment. The road was wet and it was "extremely foggy." The Butler Pike, which is approximately 25 feet wide, is intersected at a right angle by Welsh Road, which is about 35 feet wide. At this intersection Welsh Road is a through highway and the Butler Pike is controlled by stop signs. Fox had the headlights of his automobile on and the window open on the driver's side.

When Fox arrived at the stop sign, he stopped his automobile "momentarily" at a point about 7 feet distant from the south line of Welsh Road. He looked to his left and then to his right. Because of the dense fog his vision to the right was limited to a distance of 35 to 50 feet. He saw and heard nothing. "The area was dead, so to speak." He then started through the intersection. As his automobile was about 10 feet into Welsh Road proceeding at a speed of 10 to 15 miles an hour, he again looked to his left and then heard Gillingham yell "look out." Immediately he turned his head to the right and saw for the first time the front of the Patz automobile about 30 feet away, traveling west on Welsh Road at a speed of approximately 60 miles an hour. A second later the Patz automobile hit the Fox automobile on the right side when it was approximately two-thirds through the intersection. Gillingham was thrown out of the automobile by the force of the impact.

Under the above facts, we do not agree with the lower court's ruling that Fox was guilty of contributory negligence as a matter of law. We have said again and again that contributory negligence should not be declared as a matter of law except in a very clear case and only where the evidence thereof is so clear and palpable that there is no room for fair and reasonable men to differ in their conclusions as to its existence. *Sweigert v. Mazer,* 410 Pa. 71, 188 A. 2d 472 (1963). This is not such a case. The issue was clearly a jury question.

The lower court's ruling that Fox was guilty of contributory negligence as a matter of law was premised on the fact that in one part of his trial testimony Fox stated that he did not look to his right the second time until the front of his automobile was 2 to 3 feet over the center line of Welsh Road. It therefore concluded that Fox violated his duty to look to his right again before entering the west traffic lane of Welsh Road, citing *Grande v. Wooleyhan Transportation Co.,* 353 Pa. 535, 46 A. 2d 241 (1946) and *Mellot v. Tuckey,* 350 Pa. 74, 38 A. 2d 40 (1944). Assuming arguendo that under the circumstances Fox would be guilty of contributory negligence as a matter of law in not looking to his right the second time until the front of his automobile was just over the center line of Welsh Road, the record discloses that his testimony is conflicting on this point. While it is true that in one instance he did place the front of his automobile 2 to 3 feet over the center line of Welsh Road before he looked to his right the second time, in another portion of his testimony he said, "the front of the car was even with the center line. We weren't that far through the intersection yet." And his final answer as to when he looked to his right the second time was, "the front of my car was just about at the center line

of Welsh Road." Moreover, he was not confronted with the conflict in his testimony.

With respect to the question of his contributory negligence, it is well established that where in one part of plaintiff's own testimony he is clearly entitled to have his case submitted to a jury but not in another part and he is not confronted with the conflict or contradiction, it is for the jury to reconcile the conflicting statements and determine which shall prevail. *Girard Trust Corn Exchange Bank v. Phila. Transportation Co.*, 410 Pa. 530, 190 A. 2d 293 (1963); *Smith v. Flannery*, 383 Pa. 526, 119 A. 2d 224 (1956); *Adams v. Gardiner*, 306 Pa. 576, 160 A. 589 (1932) and *Greene v. Philadelphia*, 279 Pa. 389, 124 A. 134 (1924). The court below therefore erred in determining that Fox was guilty of contributory negligence as a matter of law based on only one portion of his testimony. Under all of his testimony the question was for the jury and the conflicts therein were for the jury, not for the court, to resolve.

## Gillingham Action

The award of a limited new trial in this action was bottomed solely on the conclusion that, as a matter of law, the negligence of Fox was at least in part responsible for the accident involved and, therefore, he necessarily was liable for contribution to the Gillingham verdict. Since the original premise was erroneous, the conclusion based thereon was likewise incorrect.

Appellees urge that even if we disagree with the lower court's ruling that Fox was guilty of contributory negligence as a matter of law, the lower court should have granted a new trial generally.

Following the verdict, a motion for a new trial in both actions was timely filed, alleging that the verdict

was excessive and against the weight of the evidence. Subsequently, with permission of the court, thirty-five additional reasons were filed. These assignments of error concerned only the Gillingham action in respect to damages.

The court below thoroughly considered all of the asserted assignments of error in the Gillingham action and overruled them. However, it concluded that the verdict, insofar as it exonerated Fox as an additional defendant in this action, was against the weight of the evidence. From a reading of the court's opinion, it is clear that the foregoing conclusion was based solely on the erroneous ruling that Fox was guilty of contributory negligence as a matter of law under his own trial testimony.

We have carefully considered all of the assignments of error asserted by Patz and Torrington in the court below and find nothing of sufficient merit to warrant a retrial.

Hence, the judgment and order entered below are reversed and the record remanded with directions to enter judgments on the verdicts.

Mr. Chief Justice BELL dissents and would affirm the lower court.