## Helfrich v. Brown, Appellant.

Argued November 12, 1968.  Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*John R. Walters, Jr.,* with him *Pringle, Bredin, Thomson, Rhodes & Grigsby,* for appellant.

*J. Tomlinson Fort,* with him *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY JACOBS, J., December 12, 1968:

In this negligence case involving two motor vehicles at an intersection, the jury returned a verdict for the plaintiff.  Defendant moved for judgment n.o.v. and for a new trial, both motions were denied by the court en banc, and judgment was entered on the verdict.  The defendant-appellant argues that he is entitled to judgment n.o.v. because the plaintiff failed to prove that he was negligent and because the plaintiff was contributorily negligent as a matter of law. Defendant's request for a new trial is addressed to alleged errors in the judge's charge.

In considering a motion by the defendant for judgment n.o.v. the court must read the testimony in the light most favorable to the plaintiff.  *Gillingham v. Patz,* 429 Pa. 308, 239 A. 2d 287 (1968); *Gardner v. Maley,* 207 Pa. Superior Ct. 109, 215 A. 2d 285 (1965). We have viewed the evidence in that light and find the following to be the facts of the case.

The collision occurred at the intersection of Route 8 and Elfinwild Road in Allegheny County on September 16, 1964, at 5:30 p.m. The day was clear and dry and it was daylight when the accident occurred. The plaintiff and defendant were the drivers of the two automobiles involved. They had no passengers and were the only eyewitnesses to the accident who testified. No conflicts appear in the plaintiff's testimony, none of which is contested by the defendant, and we accept it as true.

Route 8 is a four lane 45 foot wide through highway running north and south. It is intersected by Elfinwild Road, a two lane 20 foot wide highway. Immediately before the collision plaintiff was proceeding east on Elfinwild Road and defendant was going south on Route 8. Two tracks of the Baltimore and Ohio Railroad cross Elfinwild Road ten to thirteen feet west of Route 8. The highway stop sign on Elfinwild Road is at the western edge of the railroad tracks. Plaintiff stopped at the stop sign, looked up and down Route 8, and then proceeded across the railroad tracks and stopped again at the entrance to Route 8 as he was required to do. See *MacDougall v. Chalmers*, 192 Pa. Superior Ct. 401, 162 A. 2d 51 (1960). While stopped at the edge of Route 8 he saw two cars approaching from the north in the outside or westernmost lane of Route 8 with their turn signals on, indicating that they intended to turn right into Elfinwild Road. When he looked to the south he saw an automobile heading north in the inside lane of the northbound traffic with its signal on indicating that it intended to turn left into Elfinwild Road. The driver of the latter car motioned to the plaintiff to proceed across Route 8.[1] Be-

---

[1] This would not absolve plaintiff of contributory negligence because he was not involved in an accident with the driver who signaled and in any event it would be only an invitation to pro-

fore starting the plaintiff again looked to the north, and not seeing any other automobile, he proceeded across Route 8 without again looking to the north. Plaintiff was struck in the easternmost lane of the southbound lanes on Route 8 by the defendant, who was traveling south and had just passed the two automobiles first noticed by the plaintiff.

When the plaintiff stopped at the edge of the highway his vision was partly obstructed by the two vehicles moving south in the outside lane of Route 8. He stated that he could see 150 feet north on Route 8 and could not see defendant. Plaintiff further testified that if the vehicles coming south had turned into Elfinwild Road and cleared the intersection, he would have been able to see 500 feet to the north. The two vehicles coming south were still moving when the plaintiff crossed Route 8. He said that the first southbound vehicle was about 75 feet from the intersection when he started to cross and that his range of vision had been reduced by the approach of that automobile while he waited at the edge of the road. The second time that he looked to the north before starting across the highway he could see at least 100 feet to the north. Plaintiff admitted that had he continued to look northward as he was crossing the southbound lanes of the highway, there would have been nothing to obstruct his vision of the easternmost lane, in the middle of which he was hit. Plaintiff's automobile was struck on the left side about the line of the windshield.

Defendant admitted that he was involved in the accident with the plaintiff, but claimed that he was not exceeding the 50 miles per hour speed limit and had moved over into the inside or passing lane of the south-

ceed when it was otherwise safe. Cf. *Lewis v. Quinn*, 376 Pa. 109, 101 A. 2d 382 (1954) and *Keating v. Belcher*, 364 Pa. 129, 119 A. 2d 535 (1956).

bound traffic 200 to 300 feet north of the intersection. At that time he stated he was going 45 miles per hour and when 200 feet away from the intersection he saw the plaintiff's automobile moving across the railroad tracks and slowing to a stop. He said he was 100 feet away when plaintiff began to cross Route 8. Plaintiff's wife, however, testified to a telephone conversation with the defendant in which the defendant allegedly admitted that he did not see the plaintiff until he hit him. The defendant claimed to have applied his brakes but was unable to get stopped. He agreed with plaintiff that the collision occurred in the passing lane of the southbound lanes on Route 8.

We need not consider defendant's contention that he was not negligent or his objections to the judge's charge because we have concluded that the plaintiff was contributorily negligent as a matter of law and that defendant's motion for judgment n.o.v. must be granted. In so concluding we are aware that contributory negligence as a matter of law should be declared only when the evidence of such is so clear that fair and sensible men cannot differ in their conclusions as to its existence. *Sweigert v. Mazer,* 410 Pa. 71, 188 A. 2d 472 (1963); *Charles v. LaRue,* 205 Pa. Superior Ct. 88, 208 A. 2d 31 (1965). In our opinion this is such a case because of plaintiff's failure to continue to look to the north as he crossed the two southbound lanes of Route 8.

Section 1016(a) of The Vehicle Code, 75 P.S. Section 1016(a), requires a motorist to come to a full stop before entering a through highway. Section 1014(c) of The Vehicle Code, 75 P.S. Section 1014(c) requires such motorist to also yield the right of way to all vehicles approaching in either direction on a through highway. Therefore, not only is it his duty to stop and look in both directions before entering an intersection,

but it is also his duty as he moves forward and enters the intersection to continue to look and to keep his car under such control that he can stop at any moment and avoid a collision. *Lehner v. Schellhase*, 341 Pa. 260, 19 A. 2d 91 (1941). Here the plaintiff met the requirement that he look both ways before entering the intersection, but he did not perform his duty to continue to look as he passed through the intersection.

In *Lehner* the northbound plaintiff stopped his automobile at the curb line of an east-west through highway, looked both ways, saw no cars approaching, and drove forward without again looking either left or right until he had almost cleared the center line of the through highway. The left rear corner of his automobile was struck by a truck coming from the west. At the point where the plaintiff stopped to observe the through highway he could see to his left about 200 feet, his view being partially obstructed by a building and two parked cars. The court stated that the duty to continue to look while crossing an intersection is peculiarly applicable when plaintiff's view of the through highway was partially obstructed at the point where he stopped and looked. "From this it is apparent that at the point where plaintiff last looked, and that is the important point, his vision was limited to a diagonal view of traffic coming from the west and that if he had continued to look he would have had an enlarged view as he advanced." 341 Pa. at 262, 19 A. 2d at 92. Plaintiff's failure to continue to look convicted him of contributory negligence as a matter of law.

In *Higgins v. Jones*, 337 Pa. 401, 11 A. 2d 158 (1940), in emphasizing that a motorist who enters a through highway must exercise the utmost caution to avoid collision with traffic on the through highway which has the right of way, the Supreme Court added: "And, where his view of approaching traffic is ob-

structed, the need for caution is increased rather than diminished." Id. at 403, 11 A. 2d at 159. See also *Riley v. McNaugher,* 318 Pa. 217, 178 A. 6 (1935), where it was held that a driver entering a through highway must continue to look while crossing, and failure to do so was held to be contributory negligence particularly in cases where the view was obstructed at the place where the driver had stopped.

When a motorist approaches a two way street he must look first to his left and then to his right. As he nears the middle of the street it is his duty to look to the right again. *Mellott v. Tuckey,* 350 Pa. 74, 38 A. 2d 40 (1944); *Freedman v. Ziccardi,* 151 Pa. Superior Ct. 159, 30 A. 2d 172 (1943). The reason for requiring him to look first to his left and as he nears the center to look to the right is that he is about to enter the lane in which traffic coming from the right is traveling. When entering a four lane through highway a motorist must first cross two lanes in which traffic comes from his left and is further required to yield the right of way to vehicles approaching from that direction. For these reasons it becomes his duty to look again to the left before entering the second lane of a four lane through highway when his view of the second lane is limited where he stops to observe it at the edge of the highway.

The plaintiff in this case had an obstructed view when he was stopped at the edge of the through highway. His vision was limited to 150 feet by two moving cars which would shortly turn into the road on which the plaintiff was waiting. Had plaintiff waited a few seconds until those cars turned into Elfinwild Road he would have had a view of 500 feet to the north. He decided to go forward, however, when his view of the inside southbound lane was shortened to not much more than 100 feet. This view was insufficient to de-

termine from that position that he could safely take his stopped automobile across two lanes of traffic knowing that automobiles in the second lane could legally travel 50 miles per hour. If he had looked to the north as he approached the center of the two southbound lanes he would have had an almost unobstructed view of the inside southbound lane and would have seen defendant. Plaintiff was obviously negligent in blindly attempting to cross the inside southbound lane.

Plaintiff-appellee contends that the issue of his contributory negligence was properly submitted to the jury, citing *Burish v. Digon*, 416 Pa. 486, 206 A. 2d 497 (1965) and *Gillingham v. Patz*, 429 Pa. 308, 239 A. 2d 287 (1968). We disagree. In *Burish*, the rural intersection was uncontrolled. Both intersecting roads were approximately 20 feet wide and there were only two lanes of traffic on each. The plaintiff had only one lane of traffic coming from his left to cross the first lane. Since neither road was a "through highway", she did not owe any statutory duty to yield the right of way to the defendant coming from her left. The differences between our case and the *Burish* case are patent. We agree with the court in *Burish* that whether the plaintiff was guilty of negligence which contributed to the accident was properly submitted to the jury. In the case at hand, however, had the plaintiff looked before entering the second lane he could have avoided the accident.

*Gillingham v. Patz*, supra, is simply not apposite. There the plaintiff's testimony as to where he was when he looked to his right was conflicting. The lower court granted judgment n.o.v. giving credence to one part of the plaintiff's conflicting testimony. *Gillingham* stands for the proposition with respect to contributory negligence that "where in one part of plaintiff's own testimony he is clearly entitled to have his

case submitted to a jury but not in another part and he is not confronted with the conflict or contradiction, it is for the jury to reconcile the conflicting statements and determine which shall prevail." 429 Pa. at 313, 239 A. 2d at 289 (1968).

Judgment reversed and here entered for the defendant.