## Robinson, Appellant, v. Raab.

Argued March 16, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Tom P. Monteverde,* with him *Dennis R. Suplee,* and *Schnader, Harrison, Segal & Lewis,* for appellant.

*James Paul Dornberger,* with him *Pepper, Hamilton & Scheetz,* for appellee.

OPINION BY MONTGOMERY, J., June 11, 1970:

This appeal by plaintiff Robert Robinson is from an order refusing to remove a judgment of compulsory nonsuit entered in an action of trespass based on a collision between two automobiles at a controlled right-angle intersection in the City of Philadelphia. In such cases the evidence must be reviewed in the light most favorable to the appellant-plaintiff; and he shall be given the benefit of every reasonable inference that may be drawn from the evidence and every doubt or conflict shall be resolved in his favor. *DeFrank v. Sullivan Trail Coal Co.,* 425 Pa. 512, 229 A. 2d 899 (1967). According to these rules, a compulsory nonsuit must be removed if the evidence establishes a prima facie case, unless the plaintiff has by his own unmistakable testimony put himself out of court.

The facts evaluated most favorably to the plaintiff follow. At 4:45 p.m. on a clear, dry day in September, 1963, plaintiff was driving his automobile south on the inner southbound lane of 84th Street. As he approached the intersection of 84th Street with Eastwick Avenue with the green light in his favor, his view to the right was partially obscured by a panel truck which came abreast of him on his right and started to make a right-hand turn into Eastwick Avenue. Nevertheless, he continued into the intersection, where a collision occurred with another car which he did not remember seeing. He

was rendered unconscious and remained so for about one and one-half hours. From the "fender dirt" on the street at a point 14 to 16 feet north of the south curb line of Eastwick Avenue (44 feet wide) and 18 to 20 feet east of the west curb line of 84th Street (46 feet wide), it can reasonably be inferred that the contact of the two cars occurred in the southwest quadrant of the intersection. From the damage to the two automobiles, plaintiff's being damaged extensively on its entire right side and defendant-appellee's extensively in front, it may also reasonably be inferred that plaintiff had traversed more than half of Eastwick Avenue or approximately 30 feet, whereas the defendant had come from his right (or west) and had traversed only less than half of 84th Street (18 to 20 feet) when the accident occurred. From this analysis of the evidence, it clearly appears that since plaintiff had entered the intersection on a green light in advance of defendant, who must have entered it on the red since the lights were in good working order, a prima facie case of negligence on the part of defendant was established. *Kimmel v. Yellow Cab Co.*, 414 Pa. 559, 201 A. 2d 417 (1964).

A prima facie case having been established, the remaining question is whether plaintiff has by his own unmistakable testimony established his own contributory negligence as a matter of law to put himself out of court. We are of the opinion that he did not do so.

Appellant testified that he approached the intersection at 20 to 25 miles per hour with the way clear ahead of him. The panel truck started moving to make a right-hand turn on Eastwick Avenue, and "I looked and the light was green and I proceeded across the intersection. And that's all I remember." When asked whether he had seen the other car he replied, "I don't recall seeing anything." Thus we have a record establishing the fact that the appellant looked as he was

about to enter the intersection, saw the panel truck making the turn into Eastwick Avenue, saw the light in his favor, and nothing ahead of him. The record is void, however, as to what his actions were at the crucial point of crossing the centerline of Eastwick Avenue into the eastbound lanes of traffic on that street. Although a motorist crossing an intersection with the controlling light in his favor must nevertheless exercise a high degree of care for his safety, *Smith v. United News Company,* 413 Pa. 243, 196 A. 2d 302 (1964), there is no burden imposed on him to prove that he exercised that degree of care. That burden is on the defendant, since contributory negligence is an affirmative defense. *Franchetti v. Johnson,* 215 Pa. Superior Ct. 14, 257 A. 2d 261 (1969).

The fact that appellant had no recollection of seeing defendant's car does not establish the fact that he had not seen it or had not performed his duty to look for it. However, in the absence of proof that he did not look before he proceeded to cross the eastbound lanes of traffic on Eastwick Avenue, we have no right to infer that he did not do so.

This case is ruled by our decision in *Charles v. La-Rue,* 205 Pa. Superior Ct. 88, 208 A. 2d 31 (1965), which distinguishes *Smith v. United News Company,* supra, relied on so heavily by appellee in the present case. The same distinction prevails here. There is no unmistakable admission by the appellant that he did not look and that he placed blind reliance on the fact that he had the green light in his favor.

Since we conclude that the compulsory nonsuit must be removed and a new trial granted for the foregoing reasons, we deem it unnecessary to resolve the other issues presented in this case.

Judgment of compulsory nonsuit reversed with a venire.