## Emery v. Dyches

Before Kalish, Sporkin and Bolger, JJ.

*Mitchell A. Kramer,* for plaintiffs.

*Jon F. Barth* and *Herbert Holmes,* for defendant.

KALISH, J., May 22, 1973.—This is an action in trespass by George Emery and Geraldine Emery, husband and wife, against Lee Dyches. The arbitrators found as follows: For plaintiff, Geraldine Emery, against George Emery and Lee Dyches, jointly. In favor of Lee Dyches against plaintiff, presumably George Emery.

George Emery took an appeal *on behalf of himself only.* It is contended by defendant, Dyches, that the award in favor of plaintiff, Geraldine Emery, against both defendants operated as a bar to any recovery by George Emery even though he took an appeal in his own case against Dyches.

In Flouder v. Foster, 212 Pa. Superior Ct. 418, the court held that where a board of arbitrators finds two or more defendants jointly liable, an appeal from the arbitrators' award taken *by only one* defendant will not be considered an appeal by all defendants unless it appears that this was the intention of the appealing

party. The appeal in the instant case was on behalf of George Emery only. Under such circumstances, an award by arbitrators cannot be used to preclude a possible determination of all issues resolved adversely to the appealing party by the arbitrators.

Samuels v. Johnson, 355 Pa. 624, was a trespass action brought by Julia Samuels against Johnson, Sr., and Johnson, Jr., for injuries she suffered in a collision by a car owned by Johnson, Sr., and operated by Johnson, Jr. The Johnson car collided with a car owned and operated by Yost and in which Julia Samuels was the passenger. Yost was an additional defendant. The Johnsons brought a separate action against Yost in which Yost filed a counterclaim. Schweitzer, a passenger in the Yost car, sued Johnson and Yost as additional defendants. All actions were tried together. Results: (1) Samuels v. Johnson, Sr., Jr. and Yost—verdict for defendants; (2) Johnson, Sr. and Jr. v. Yost—verdict for Johnson, Sr. and Jr.; (3) Schweitzer v. Johnson and Yost—verdict for defendants.

Samuels and Schweitzer filed motions for new trials which were granted and the Johnsons appealed.

Judgment was entered in the case of Johnson v. Yost.

The Johnsons argued that since judgment was entered in Johnson v. Yost, the issue in that case should be determinative of the issue in this case, i.e., determinative of the liability of the Johnsons in this case.

The court in that case said:

"Clearly *that** judgment, unappealed from, is determinative of their liability in *that** action. It is not, however, determinative of their liability in *this*** action." See also Sollinger v. Himchak, 402 Pa. 232 (*Italics supplied, **italics in original).

In the instant case, the appeal of George Emery was expressly limited to the award against him alone. Such an appeal necessarily involved only the rights and liabilities of George Emery.

The exceptions are dismissed.