560 A.2d 878

**Morton B. SOLOMON and City of Philadelphia, Appellants,**

v.

**Joseph BAUM, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 14, 1988.

Decided June 19, 1989.

648

Barbara R. Axelrod, Divisional Deputy in Charge of Appeals, Norma S. Weaver, Deputy in Charge of Claims, Handsel B. Minyard, City Sol., Philadelphia, for appellants.

Avram B. Adler, Adler and Kops, Philadelphia, for appellee.

Before CRUMLISH, Jr., President Judge, and CRAIG, BARRY, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

## OPINION

CRUMLISH, Jr., President Judge.

Morton Solomon and the City of Philadelphia (collectively referred to as "the City defendants") appeal a Philadelphia County Common Pleas Court order denying their post-trial motion for a judgment non obstante verdicto or for a new trial. We affirm.

Joseph Baum sued the City and its employee, Deputy Police Commissioner Morton Solomon, to recover for personal injuries sustained when the City vehicle Solomon was operating collided with Baum's automobile. The accident occurred in the intersection of Bustleton Avenue and Faunce Street in Philadelphia as Baum travelled west on Faunce and Solomon travelled north on Bustleton. Following a jury trial in which the issues of Solomon's negligence and Baum's contributory negligence were raised, the jury returned a verdict in Baum's favor.

The City defendants moved for entry of judgment against Baum, or alternatively a new trial, contending that he was contributorily negligent as a matter of law [1] and that there was no evidence of negligence by Solomon. The motion further alleged errors in evidentiary rulings and jury instructions. The trial court denied the motion. The City defendants appeal to this Court.

The City defendants initially contend that they were entitled to judgment n.o.v. because the undisputed evidence established, *as a matter of law*, that Baum was contribu-

---

1. The accident occurred in 1971, before the effective date of the Pennsylvania comparative negligence statute, 42 Pa. C.S. § 7102. Therefore, under the law applicable to this case, a conclusion that Baum was contributorily negligent would bar any recovery.

torily negligent in failing to look in both directions and control his vehicle while traversing the intersection. We disagree.

█ A trial court may enter judgment n.o.v. only in a clear case where, after reviewing the evidence most favorably to the plaintiff, no two reasonable minds could fail to agree that the verdict was improper. *Robertson v. Atlantic Richfield Petroleum Products Co.,* 371 Pa.Super. 49, 537 A.2d 814 (1987). The court must consider only the evidence which supports the verdict and afford the non-moving party the benefit of every fact and inference deducible therefrom. *Id.*

█ Moreover, contributory negligence should not be declared as a matter of law unless the record inescapably leads to that conclusion; otherwise the question is reserved for determination by the jury. *Smith v. United News Co.,* 413 Pa. 243, 196 A.2d 302 (1964). The court may remove this question from the jury only where the evidence is so clear and palpable that there is no room for fair and reasonable men to differ in their conclusions as to its existence. *Gillingham v. Patz,* 429 Pa. 308, 239 A.2d 287 (1968).

When viewed in the light most favorable to the plaintiff, the evidence discloses the following. Baum testified that he was travelling in a westerly direction on Faunce Street, a narrow residential road, toward Bustleton Avenue, a major artery running north and south. He stopped at the stop sign at Bustleton Avenue and looked to his right to ensure that there were no southbound vehicles approaching the intersection. He then looked to his left in order to observe any northbound vehicles; from this position he could see the immediate preceding intersection and that it was regulated by a traffic light. He could also see vehicles travelling northbound on Bustleton approaching that intersection and the red traffic signal governing those northbound vehicles. He then looked to his right and then again to his left and saw that the traffic signal was still red. At this

point, he started through the intersection. Notes of Testimony (N.T.), 11/15/84, pp. 1.86–1.89.

Baum testified that he could not recall any further details except awakening in the hospital. However, it is undisputed that the Solomon vehicle was travelling northbound on Bustleton when it struck the Baum vehicle in the Faunce Street intersection.

■■■■■ While this evidence and the fact of collision may lead some minds to speculate that Baum failed to continue his lookout while crossing the intersection, it falls far short of the necessary "clear and palpable evidence" inescapably leading to a conclusion of contributory negligence. *Gillingham.* There was no admission by Baum, nor was there any other evidence which could be characterized as "clear and palpable," showing that he failed to continue looking both ways. In such cases where the plaintiff cannot recall his specific actions due to retrograde amnesia, it is just as reasonable to infer that he performed the duty imposed by law. *Gruskin v. Stitt,* 339 Pa. 137, 13 A.2d 412 (1940). In any event, such inferences are for the jury's making and should not be determined as a matter of law. *See Waddle v. Nelkin,* 511 Pa. 641 515 A.2d 909 (1986) (Opinion Announcing Judgment of Court by Zappala, J.); *Rutovitsky v. Magliocco,* 394 Pa. 387, 147 A.2d 153 (1959). We follow the analysis in *Robinson v. Raab,* 216 Pa.Super. 397, 401, 268 A.2d 225, 226 (1970), involving similar facts where the plaintiff suffered from memory loss:

> Although a motorist crossing an intersection with the controlling light in his favor must nevertheless exercise a high degree of care for his safety, there is no burden imposed on him to prove that he exercised that degree of care. That burden is on the defendant, since contributory negligence is an affirmative defense.
>
> The fact that appellant had no recollection of seeing defendant's car does not establish the fact that he had not seen it or had not performed his duty to look for it.

However, in the absence of proof that he did not look before he proceeded to cross ..., we have no right to infer that he did not do so.

(Citations omitted).

■ Accordingly, the trial court was correct in refusing to find contributory negligence as a matter of law and the question was properly left to the jury.[2]

■ The City defendants next contend that they were entitled to judgment n.o.v. because there was no evidence of negligence by Solomon.[3] We disagree.

Our Supreme Court reiterated in *Rutovitsky*, 394 Pa. at 389, 147 A.2d at 154:

'It is not necessary to prove the accident by eye witnesses, but where circumstantial evidence is relied upon to prove negligence the evidence must be such as to enable the jury to conclude—not by conjecture or guess but—as

---

2. *Helfrich v. Brown*, 213 Pa.Super. 463, 249 A.2d 778 (1968), cited by the City defendants, is inapposite. In *Helfrich*, the plaintiff was not suffering from memory loss. The court found contributory negligence as a matter of law because there was undisputed evidence clearly establishing that the plaintiff failed to continue his lookout while proceeding through the intersection. Obviously, there was no such evidence in the instant case due to Baum's inability to testify on this matter. Thus, the caselaw addressing the retrograde amnesia situations is the appropriate authority for disposition of this case.

3. The City defendants initially request that we review this contention as grounds for a new trial, alleging that the lower court erred in denying their nonsuit motion at the close of Baum's case. Alternatively, they raise this issue as grounds for judgment n.o.v., alleging that there was insufficient evidence of negligence. While nonsuit and j.n.o.v. motions are similar in that they may be used to test the sufficiency of evidence, the latter requires a reviewing court to consider the *entire* record subsequent to trial whereas a nonsuit requires consideration only of the plaintiff's evidence at the close of his case.

We hold that our review is appropriately limited to only the denial of judgment n.o.v. The nonsuit refusal gave the City defendants the option either to rest on that motion and present no evidence, or to put on a case. Where the defendant elects to proceed, as here, the nonsuit stage is over and the correctness of the court's ruling is moot. *F. W. Wise Co. v. Beech Creek Railroad Co.*, 437 Pa. 389, 392, 263 A.2d 313, 315 (1970). Moreover, a post-trial challenge to the sufficiency of the evidence is not a basis for a *new trial*, but rather a matter for judgment n.o.v. *Waddle.*

a reasonable and legitimate inference that the accident was caused by the negligence of the defendant ...' (Citation omitted)

■ As was the case in *Rutovitsky*, the evidence here was largely circumstantial. Nonetheless, it was sufficient to enable the jury to find that Solomon failed to keep his vehicle under such control that he could stop prior to the collision. When viewed most favorably to Baum, the evidence reveals that as Baum entered the intersection, the Solomon vehicle was either stopped at the red light at the immediate preceding intersection, or had simply driven through the red light. In any event, the distance travelled by the Solomon vehicle prior to impact could lead a reasonable mind to infer that it was proceeding toward Faunce Street at an excessive speed. Clearly, the jury rejected Solomon's contrary testimony that he was driving only twenty miles per hour. Moreover, the existence of skid marks, and the fact that the impact force of Solomon's vehicle propelled the Baum vehicle to the northwest corner of the intersection, further supports this inference. Therefore, the lower court committed no error in denying the City defendants' motion for judgment n.o.v.

The City defendants also contend that the trial court should have granted a new trial because the court erred in (1) disallowing use of a police report to refresh a witness' recollection; (2) precluding a witness from offering an opinion as to the speed of the cars; or (3) refusing to instruct the jury that "skidding" is not proof of negligence.

■ A trial court's denial of a new trial motion is within its sound discretion and will not be reviewed in the absence of a manifest abuse of that discretion or a clear error of law. *Eldridge v. Melcher,* 226 Pa.Super. 381, 313 A.2d 750 (1973). An appellate court's role is to determine whether the trial court committed an error of law which controlled the outcome of the case and led to an incorrect result. *Naccarati v. Garrett,* 351 Pa.Super. 437, 506 A.2d 428 (1986). Moreover, a new trial should not be granted in

a negligence case unless a substantial reason exists. *Warren v. Mosites Construction Co.*, 253 Pa.Super. 395, 385 A.2d 397 (1978).

■ We find no error in the trial court's refusal to allow the City defendants' counsel to show a testifying police officer an accident investigation report. While the City defendants argue that this was permissible for the purpose of refreshing the witness' recollection, the trial transcript confirms that they failed to establish the requisite foundation of showing that the witness' present memory was inadequate. *Commonwealth v. Proctor*, 253 Pa.Super. 369, 385 A.2d 383 (1978). The witness never testified that he could not recall specific details, and in fact admitted to having an independent present recollection of events on the evening of the accident. N.T., 11/13/84, pp. 4.154–4.158.

■ We likewise find no reversible error in the trial court's exclusion of Solomon's testimony and that of an eyewitness, estimating the vehicles' rate of speed at the time of the accident. While lay witnesses may give opinion testimony as to vehicle speed, the proponent must first establish a foundation showing that the witness had sufficient opportunity to estimate the speed. *Finnerty v. Darby*, 391 Pa. 300, 138 A.2d 117 (1958). The admission of such evidence depends upon the facts of the particular case. *Id.*

Here, Solomon did not observe the Baum vehicle until it was in the intersection and he was forty-five feet away. The eyewitness testified that he was two blocks behind the Solomon vehicle and was unable to determine whether it was moving faster than his own because he observed it only seconds before the collision. N.T., 11/14/84, pp. 5.83–5.85. Similarly, the eyewitness was able to observe the Baum vehicle only momentarily. *Id.* at 5.90. Under the circumstances, the trial court's determination that neither witness was qualified to give opinion testimony was clearly within its discretion.

■ Finally, we find no error in the trial court's refusal to instruct the jury that "skidding" does not, in itself,

establish negligence by the driver. The trial court correctly distinguished "skidding" from evidence of "skid marks," holding that the former was not relevant to the evidence and theory of recovery in the instant case:

> There was no evidence presented that Mr. Solomon's car "skidded" in the sense that he lost control, such as when a car hydroplanes or skids on wet leaves. Rather, the evidence which was presented suggested the presence of "skid marks" on the road, such as could result from the hard application of one's brakes. Such marks could be considered by the jury as evidence of the speed at which Mr. Solomon was traveling. Indeed, "skid marks" are evidence that a car's tires did not leave the road surface as they do when a car is "skidding."

*Baum v. Solomon* (No. 3446, May Term, 1971, Philadelphia County Common Pleas Civil Trial Division, filed June 24, 1986), slip op. at 5. Moreover, the requested instruction is of doubtful validity under Pennsylvania law. *See Kenworthy v. Burghart*, 241 Pa.Super. 267, 361 A.2d 335 (1976).

Accordingly, we affirm the order of the trial court.

## ORDER

The Philadelphia County Common Pleas Court order, Civil Trial Division, May Term 1971, No. 3446, dated December 17, 1985, is affirmed.

BARRY, Judge, dissenting.

I respectfully dissent. I agree with the majority on its disposition of the frivolous contention of the appellants Morton B. Solomon and the City of Philadelphia that Mr. Solomon was not negligent. There is ample evidence in the record to support the majority's opinion. I also agree with the majority's disposition of the objections to the evidentiary rulings made by the trial judge. However, regretfully, I must conclude that the plaintiff cannot sustain the verdict in his favor under the law at the time this cause of action arose. The undisputed facts establish that Baum was con-

tributorily negligent as a matter of law since he either did not look or failed to maintain a lookout as he proceeded through the intersection. *Helfrich v. Brown,* 213 Pa.Super. 463, 249 A.2d 778 (1968) puts it as follows:

> Section 1016(a) of The Vehicle Code, 75 P.S. Section 1016(a), requires a motorist to come to a full stop before entering a through highway. Section 1014(c) of The Vehicle Code, 75 P.S. Section 1014(c) requires such motorist to also yield the right of way to all vehicles approaching in either direction on a through highway. Therefore, not only is it his duty to stop and look in both directions before entering an intersection, but it is also his duty as he moves forward and enters the intersection to continue to look and to keep his car under such control that he can stop at any moment and avoid a collision. *Lehner v. Schellhase,* 341 Pa. 260, 19 A.2d 91 (1941). Here the plaintiff met the requirement that he look both ways before entering the intersection, but he did not perform his duty to continue to look as he passed through the intersection.

*Id.* 213 Pa.Super. at 467–468, 249 A.2d at 781.

Although the plaintiff claims because of retrograde amnesia he cannot remember the details of the accident, he did state that he had stopped at the intersection and looked twice to his right and his left. (Notes of Testimony, 11/7/84, page 1.88.) His line of vision southward on Bustleton Avenue was "clear". *Id.* at 1.132. He could see all the way down to Cottman Avenue over nineteen hundred feet away. *Id.* No cars were parked in front of his car nor were there cars approaching him either from the front or the rear. *Id.* at 1.132–1.134. Asked whether he could see clearly in the southern direction as well as the northern direction, he responded, "Absolutely". *Id.*

The evidence presented to the trial court establishes that Baum began to proceed through the intersection. This and the fact that there was a collision is sufficient to establish that he was contributorily negligent as a matter of law.

We need not consider defendant's contention that he was not negligent or his objections to the judge's charge because we have concluded that the plaintiff was contributorily negligent as a matter of law and that defendant's motion for judgment n.o.v. must be granted.  In so concluding we are aware that contributory negligence as a matter of law should be declared only when the evidence of such is so clear that fair and sensible men cannot differ in their conclusions as to its existence.  *Sweigert v. Mazer*, 410 Pa. 71, 188 A.2d 472 (1963); *Charles v. LaRue*, 205 Pa.Super.Ct. 88, 208 A.2d 31 (1965).  In our opinion this is such a case because of plaintiff's failure to continue to look to the north as he crossed the two southbound lanes of Route 8.

*Id.* 213 Pa.Super. at 467, 249 A.2d at 780.

The Supreme Court in the case of *Matthews v. Derencin*, 360 Pa. 349, 62 A.2d 6 (1948), said "a person cannot be heard to say that he looked and saw nothing over a far distance when in fact he was struck within a few seconds thereafter by a vehicle coming from that direction." *Id.*, 360 Pa. at 354, 62 A.2d at 8.  To the same effect is *Sollinger v. Himchak*, 402 Pa. 232, 166 A.2d 531 (1961). The Superior Court in the case of *Stacy v. Thrower Trucking Inc.*, 253 Pa.Super. 150, 384 A.2d 1274 (1978), stated that it would apply the incontrovertible physical facts role with great caution and only when the facts are indisputable. In the present case the facts are on the issue of contributory negligence are incontrovertible and even applying the rule with great caution we must reach the conclusion that plaintiff was contributorily negligent as a matter of law.

The plaintiff claims that because of retrograde amnesia he is entitled to a presumption that he did all that was required by the law and was not contributorily negligent. However, we note that this presumption has not been afforded a motorist who has been involved in an accident while attempting to negotiate an *unattended* intersection. This presumption has been afforded a pedestrian, *Rutovitsky v. Magliocco*, 394 Pa. 387, 147 A.2d 153 (1959), and a

motorist who proceeded through an attended intersection with the green light in his favor, *Robinson v. Raab*, 216 Pa.Super. 397, 268 A.2d 225 (1970). It must be noted that the presumption can be rebutted in either case by reference to Sections 1016(a) and 1014(c) of The Vehicle Code. In a situation where a motorist is required by law to maintain a constant lookout, the presumption, if applicable, is rebutted as a matter of law.

If plaintiff had proceeded through the intersection with the requisite care he could have avoided the accident. He did not. Therefore, as a matter of law, he was contributorily negligent. Even 1% contributory negligence was at the time of this accident enough to deny recovery. The legislature, in its wisdom, by the passage of the Pennsylvania Comparative Negligence Act, has remedied the harshness of this result. I believe that we are bound by the prior law.

Accordingly, I would reverse the trial court's order denying the appellants' motion for judgment n.o.v.

PALLADINO, J., joins in this dissent.